# EXHIBIT "A"
# Part 1 of 9

# SUMMONS

Attorney(s) Theresa C. Grabowski, Esquire  026111986

Office Address  1 Eves Drive, Suite 111

Town, State, Zip Code  Marlton, New Jersey 08053

Telephone Number  856-547-7776  tcg908@yahoo.com

Attorney(s) for Plaintiff

Dana Gilroy, Susan Kusek, Josephine

Scheid and Sandra Tarin,

      Plaintiff(s)

vs.

Robert Nolan; Warden CMCCF; Cape

May Co.; D. Asencio-Perez; A. Nielsen,

      Defendant(s)

**Superior Court of New Jersey**

Cape May ▾ County

Law       Division

Docket No: L-153-22

**CIVIL ACTION SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

*Michelle M. Smith* /s/
Clerk of the Superior Court

DATED:  05/16/2022

Name of Defendant to Be Served:  R. Nolan; Warden CMCCF; Cape May Co.; D. Asencio-Perez; A. Nielsen

CAPE MAY COUNTY DN - 203
SUPERIOR COURT
9 NORTH MAIN STREET
CAPE MAY CRT HSE NJ 08210-3096

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (609) 402-0100
COURT HOURS  8:30 AM - 4:30 PM

DATE:   MAY 09, 2022
RE:    GILROY DANA  VS NOLAN ROBERT
DOCKET: CPM L -000153 22

THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 3.

DISCOVERY IS    450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMES H. PICKERING JR

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    001
AT:  (609) 402-0100 EXT 47713.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

ATTENTION:

ATT: THERESA C. GRABOWSKI
THERESA C. GRABOWSKI
1 EVES DR STE 111
MARLTON          NJ 08053

ECOURTS

New Jersey Judiciary
Civil Practice Division

# Civil Case Information Statement (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the
black bar is not completed, or attorney's signature is not affixed.



| For Use by Clerk's Office Only | | | | |
|---|---|---|---|---|
| Payment type ☐ check ☐ charge ☐ cash | Charge/Check Number | Amount $ | Overpayment $ | Batch Number |

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Theresa C. Grabowski, Esquire | (856) 547-7776 ext. | Cape May |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| Theresa C. Grabowski, esquire | |

| Office Address - Street | City | State | Zip |
|---|---|---|---|
| 1 Eves Drive, Suite 111 | Marlton | NJ | 08053 |

| Document Type | Jury Demand |
|---|---|
| Complaint | ■ Yes   ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Dana Gilroy, et als Plaintiffs | Dana Gilroy/Susan Kusek/Josephine Scheid/ Sandra Tarin v. Robert Nolan, Cape May County |

Case Type Number (See page 3 for listing) __005, 699__

Are sexual abuse claims alleged? depends on definition - ITS were detainees forced to strip naked in front of others, including male correction officers. ☐ Yes see notes ☐ No

Does this case involve claims related to COVID-19? ☐ Yes   ■ No

Is this a professional malpractice case? ☐ Yes   ■ No

   If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law
   regarding your obligation to file an affidavit of merit.

| Related Cases Pending? | ■ Yes   ☐ No |
|---|---|

If "Yes," list docket numbers
The pending aspects of Josephine Scheid's Federal Court
matter related to this matter will be dismissed.  1:22-cv-58

| Do you anticipate adding any parties (arising out of same transaction or occurrence)? | ■ Yes   ☐ No |
|---|---|

| Name of defendant's primary insurance company (if known) | ☐ None   ■ Unknown |
|---|---|

| **The Information Provided on This Form Cannot be Introduced into Evidence.** |
|---|

**Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation**

Do parties have a current, past or recurrent relationship?   ■ Yes   ☐ No
   If "Yes," is that relationship:
      ☐ Employer/Employee   ☐ Friend/Neighbor   ☐ Familial   ☐ Business
      ■ Other (explain) <u>prison detainees</u>

---

Does the statute governing this case provide for payment of fees by the losing party?   ☐ Yes   ■ No

---

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition.

---

&♿   Do you or your client need any disability accommodations?   ■ Yes   ☐ No
      If yes, please identify the requested accommodation:
      <u>hearing assistive devices + perhaps other accommodation(s).</u>
   Will an interpreter be needed?   ☐ Yes   ■ No
      If yes, for what language?

---

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).**

Attorney/Self-Represented Litigant Signature: _~~(signature)~~_   5/8/2022

# Civil Case Information Statement (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1
## CASE TYPES
(Choose one and enter number of case type in appropriate space on page 1.)

### Track I - 150 days discovery

| | |
|---|---|
| 151 | Name Change |
| 175 | Forfeiture |
| 302 | Tenancy |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | Book Account (debt collection matters only) |
| 505 | Other Insurance Claim (including declaratory judgment actions) |
| 506 | PIP Coverage |
| 510 | UM or UIM Claim (coverage issues only) |
| 511 | Action on Negotiable Instrument |
| 512 | Lemon Law |
| 801 | Summary Action |
| 802 | Open Public Records Act (summary action) |
| 999 | Other (briefly describe nature of action) |

### Track II - 300 days discovery

| | |
|---|---|
| 305 | Construction |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) |
| 599 | Contract/Commercial Transaction |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) |
| 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 605 | Personal Injury |
| 610 | Auto Negligence – Property Damage |
| 621 | UM or UIM Claim (includes bodily injury) |
| 699 | Tort – Other |

### Track III - 450 days discovery

| | |
|---|---|
| 005 | Civil Rights |
| 301 | Condemnation |
| 602 | Assault and Battery |
| 604 | Medical Malpractice |
| 606 | Product Liability |
| 607 | Professional Malpractice |
| 608 | Toxic Tort |
| 609 | Defamation |
| 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 617 | Inverse Condemnation |
| 618 | Law Against Discrimination (LAD) Cases |

## Track IV - Active Case Management by Individual Judge / 450 days discovery

| | |
|---|---|
| 156 | Environmental/Environmental Coverage Litigation |
| 303 | Mt. Laurel |
| 508 | Complex Commercial |
| 513 | Complex Construction |
| 514 | Insurance Fraud |
| 620 | False Claims Act |
| 701 | Actions in Lieu of Prerogative Writs |

## Multicounty Litigation (Track IV)

| | |
|---|---|
| 271 | Accutane/Isotretinoin |
| 281 | Bristol-Myers Squibb Environmental |
| 282 | Fosamax |
| 285 | Stryker Trident Hip Implants |
| 291 | Pelvic Mesh/Gynecare |
| 292 | Pelvic Mesh/Bard |
| 293 | DePuy ASR Hip Implant Litigation |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components |
| 299 | Olmesartan Medoxomil Medications/Benicar |
| 300 | Talc-Based Body Powders |
| 601 | Asbestos |
| 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 625 | Firefighter Hearing Loss Litigation |
| 626 | Abilify |
| 627 | Physiomesh Flexible Composite Mesh |
| 628 | Taxotere/Docetaxel |
| 629 | Zostavax |
| 630 | Proceed Mesh/Patch |
| 631 | Proton-Pump Inhibitors |
| 632 | HealthPlus Surgery Center |
| 633 | Prolene Hernia System Mesh |
| 634 | Allergan Biocell Textured Breast Implants |
| 635 | Tasigna |
| 636 | Strattice Hernia Mesh |
| 637 | Singulair |
| 638 | Elmiron |

If you believe this case requires a track other than that provided above, please indicate the reason on page 1, in the space under "Case Characteristics".

**Please check off each applicable category**

☐ **Putative Class Action**         ☐ **Title 59**         ☐ **Consumer Fraud**

# Civil Case Information Statement

## Case Details: CAPE MAY | Civil Part Docket# L-000153-22

**Case Caption:** GILROY DANA  VS NOLAN ROBERT

**Case Initiation Date:** 05/09/2022

**Attorney Name:** THERESA C GRABOWSKI

**Firm Name:** THERESA C. GRABOWSKI

**Address:** 1 EVES DR STE 111

MARLTON NJ 08053

**Phone:** 8565477776

**Name of Party:** PLAINTIFF : Gilroy, Dana

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** CIVIL RIGHTS

**Document Type:** CIS

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** YES

**If yes, list docket numbers:** 1:22-cv-58, see above

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** YES

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Dana Gilroy?** NO

**Are sexual abuse claims alleged by: Susan Kusek?** NO

**Are sexual abuse claims alleged by: Josephine Scheid?** NO

**Are sexual abuse claims alleged by: Sandra Tarin?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** YES

**If yes, please identify the requested accommodation:**
ASSISTIVE LISTENING DEVICE (ALD),ASSISTIVE LISTENING DEVICE (ALD),SCHEDULING/TIME ADJUSTMENT(TIME OF DAY,FREQUENT BREAKS,ETC.),SCHEDULING/TIME ADJUSTMENT(TIME OF DAY,FREQUENT BREAKS,ETC.)

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/09/2022
Dated

/s/ THERESA C GRABOWSKI
Signed

THERESA C. GRABOWSKI, ESQUIRE
Attorney ID # 026111986
One Eves Drive, Suite 111
Marlton, New Jersey 08053
856.547.7776
tcg908@yahoo.com
Attorney for plaintiffs

| | |
|---|---|
| DANA GILROY, SUSAN KUSEK, JOSEPHINE SCHEID and SANDRA TARIN, | : SUPERIOR COURT OF NEW JERSEY LAW DIVISION |
| Plaintiffs, | : CAPE MAY COUNTY Docket Number |
| | : |
| vs. | Civil Action |
| | : |
| ROBERT NOLAN; WARDEN OF THE CAPE MAY COUNTY CORRECTIONAL FACILITY; CAPE MAY COUNTY (directly and/or by and through its departments, the Sheriff's Office and/or the Correctional Facility); D. ASENCIO-PEREZ; A. NIELSEN; JOHN DOE(S) 1 - 5, a fictitious name(s); and JOHN DOES 6 - 40, a fictitious name(s), individually, jointly, severally and/or in the alternative, | COMPLAINT |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| Defendants. | : |

Plaintiffs, Dana Gilroy (presently residing in Cape May County); Susan Kusek (presently residing in Burlington County), Josephine Scheid (presently residing in Bradenton, Florida) and Sandra Tarin (presently residing in Cape May County), by way of Complaint against the defendants, Robert Nolan; the Warden of the Cape May County Correctional Facility; Cape May County (directly and/or by and through its departments, the Sheriff's Office and/or the Correctional Facility); D. Asencio-Perez; A. Nielsen; John Doe(s) 1 - 5, a fictitious name(s); and John Doe(s) 6 - 40, a fictitious name(s); individually, jointly, severally and/or in the alternative, say:

## PROCEDURAL STATEMENT

Plaintiff, Josephine Scheid, originally filed her Complaint in

1

this regard in Federal Court on or about January 5, 2022. Pursuant to a conference held on or about April 22, 2022, the aspects of Josephine's aforesaid Complaint regarding the conditions and conduct at the Cape May County Correctional Facility were to be severed and the subject of a separate Complaint. It was only within the past week that the additional plaintiffs retained counsel. As at least one plaintiff is homeless and with limited access, particularly outside Cape May County, the plaintiffs now rely upon the remedies available to them in State Court in Cape May County.

## FACTS

1.    The plaintiffs, Dana Gilroy, Susan Kusek, Josephine Scheid and Sandra Tarin, were all detainees at the Cape May County Correctional Facility in or about May, 2020.

2.    While detained at the Cape May County Correctional Facility, the rights of the plaintiffs were persistently violated. By way of example, but not limitation, on or about May 9, 2020, the plaintiffs, Dana Gilroy, Susan Kusek, Josephine Scheid and Sandra Tarin, were seated at a table in general population. There was an exchange between inmates. The entire table, including each plaintiff, was then baselessly subjected to a strip search - simply because they had been seated at the same table. Each plaintiff was compelled to strip naked, in full view of other inmates and in the presence of female and male correctional officers, including bending over and fully turning around. The fact that the correctional officers knew their conduct was unlawful was reflected in the statement of one to Josephine:  "I hope you get a lawyer and sue them".

3.    Plaintiffs were subjected to disciplinary charges which

2

were signed against them by defendants D. Asencio-Perez and/or A. Nielsen, which charges were later proven to be false by the review of the facility's video, and therefore dismissed with a finding of "not guilty". Plaintiffs were also subjected to other unwarranted disciplinary charges (i.e.: a claim of being wrongfully in possession of a weapon (an ink pen) and wearing inappropriate attire (that had been properly purchased in the commissary of the Cape May County Correctional Facility)), only to be later found to be not guilty.

4.    Plaintiff, Josephine Scheid, was also subjected to further harm while in the Cape May County Correctional Facility. Another incident resulted when, despite Josephine's advisement to prison personnel that she had limited use of her left arm due to her cardiac condition and implanted pacemaker/defibrillator, prison staff forced her to clean. At one such time, she experienced severe pain, but was not provided with any treatment. On October 29, 2021, plaintiff, Josephine Scheid had to have heart surgery, which resulted in the advisement by Josephine's physician that one of the device leads for her heart had been damaged, apparently in the aforesaid incident.

5.    Plaintiffs, Dana Gilroy, Susan Kusek and Sandra Tarin, were also deprived of the ability to work within the facility to reduce time from their sentences, although such ability was provided to the male detainees.

6.    The defendant(s), Robert Nolan, as Sheriff of Cape May County, and/or the Warden of the Cape May County Correctional Facility, had obligation(s) of supervision, training and/or prevention of conduct such as that leading to the outrageous harm inflicted upon the plaintiffs.

3

7.    The defendant, Cape May County (directly and/or by and through its departments, the Sheriff's Office and/or the Correctional Facility and/or the employees of said departments) had obligation(s) of supervision, training and/or prevention of conduct such as that leading to the outrageous harm inflicted upon the plaintiffs.

8.    The defendants, John Doe(s) 1 - 5, a fictitious name(s), are the proper names for any and all defendants pled herein, in the event that any such defendant is pled under an incorrect spelling, designation or capacity.

9.    The defendants, John Doe(s) 6 - 40, a fictitious name(s), are the names of potential additional defendants of which plaintiffs have not yet been advised or able to determine.

10.    This matter involves not only violations of common law, but rights secured to the plaintiffs by the Constitution of the State of New Jersey and any and all Amendments thereto; the New Jersey Law Against Discrimination and/or Civil Rights Act.   This matter also involves violations of the New Jersey Administrative Code (including, but not limited to, N.J.A.C. §10A:3-5.7) and the Prison Rape Elimination Act; and any and all other applicable laws also establishing the liabilities of the defendant(s).

FIRST COUNT

1.    Plaintiff, Dana Gilroy, hereby incorporates by reference paragraphs 1 - 10, inclusive, of the Facts set forth hereinabove, as fully as though the same were set forth herein at length.

2.    The defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County

4

Correctional Facility and/or Cape May County, were, directly and/or vicariously, by and through their agents, servants, employees and/or departments, careless, reckless and negligent in that they failed to properly provide for basic dignity to plaintiff, subjected plaintiff to risk of assault, deprived plaintiff of the opportunity for early release available to male inmates, engaged in activities in which they were not entitled or authorized, subjected plaintiff to cruel and unusual punishment, failed to properly supervise and/or report their co-defendant co-employees, and were otherwise careless, reckless and negligent and/or acting with willful indifference and/or disregard.

3.    As a result of the aforesaid conduct of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, the plaintiff, Dana Gilroy, sustained personal injuries of both a temporary and permanent nature, did suffer, is suffering, and may in the future suffer great upset and nervous shock, has incurred, is incurring and/or may in the future be caused to incur great expense for hospital and/or medical treatment in an effort to rectify said injuries and has been and will be prevented from pursuing her usual activities and occupation and has been otherwise injured and suffered damages.

WHEREFORE, plaintiff, Dana Gilroy, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for damages, together with interest, attorneys fees and costs of suit.

SECOND COUNT

5

1.    Plaintiff, Dana Gilroy, hereby incorporates by reference the First Count of this Complaint as fully as though the same were set forth herein at length.

2.    The aforesaid conduct of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, was violative of the constitutional and civil rights of the plaintiff, Dana Gilroy.

WHEREFORE, plaintiff, Dana Gilroy, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for damages, together with interest, attorneys fees and costs of suit.

THIRD COUNT

1.    Plaintiff, Dana Gilroy, hereby incorporates by reference the First and Second Counts of this Complaint as fully as though the same were set forth herein at length.

2.    The aforesaid acts of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, were willful, wanton, blatant and/or otherwise evidence disregard for the health, safety, well-being, rights and/or otherwise of the plaintiff, Dana Gilroy, warranting punitive damages.

WHEREFORE, plaintiff, Dana Gilroy, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional

Facility and/or Cape May County, on this Count for punitive damages, together with interest, attorneys fees and costs of suit.

FOURTH COUNT

1.    Plaintiff, Susan Kusek, hereby incorporates by reference paragraphs 1 - 10, inclusive, of the Facts set forth hereinabove, as fully as though the same were set forth herein at length.

2.    The defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, were, directly and/or vicariously, by and through their agents, servants, employees and/or departments, careless, reckless and negligent in that they failed to properly provide for basic dignity to plaintiff, subjected plaintiff to risk of assault, deprived plaintiff of the opportunity for early release available to male inmates, engaged in activities in which they were not entitled or authorized, subjected plaintiff to cruel and unusual punishment, failed to properly supervise and/or report their co-defendant co-employees, and were otherwise careless, reckless and negligent and/or acting with willful indifference and/or disregard.

3.    As a result of the aforesaid conduct of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, the plaintiff, Susan Kusek, sustained personal injuries of both a temporary and permanent nature, did suffer, is suffering, and may in the future suffer great upset and nervous shock, has incurred, is incurring and/or may in the future be caused to incur great expense for hospital and/or medical treatment in an effort to rectify said injuries

7

and has been and will be prevented from pursuing her usual activities and occupation and has been otherwise injured and suffered damages.

WHEREFORE, plaintiff, Susan Kusek, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for damages, together with interest, attorneys fees and costs of suit.

### FIFTH COUNT

1.  Plaintiff, Susan Kusek, hereby incorporates by reference the Fourth Count of this Complaint as fully as though the same were set forth herein at length.

2.  The aforesaid conduct of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, was violative of the constitutional and civil rights of the plaintiff, Susan Kusek.

WHEREFORE, plaintiff, Susan Kusek, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for damages, together with interest, attorneys fees and costs of suit.

### FIFTH COUNT

1.  Plaintiff, Susan Kusek, hereby incorporates by reference the Third and Fourth Counts of this Complaint as fully as though the same were set forth herein at length.

2.  The aforesaid acts of the defendants, including those whose

8

names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, were willful, wanton, blatant and/or otherwise evidence disregard for the health, safety, well-being, rights and/or otherwise of the plaintiff, Susan Kusek, warranting punitive damages.

WHEREFORE, plaintiff, Susan Kusek, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for punitive damages, together with interest, attorneys fees and costs of suit.

SEVENTH COUNT

1.    Plaintiff, Josephine Scheid, hereby incorporates by reference paragraphs 1 - 10, inclusive, of the Facts set forth hereinabove, as fully as though the same were set forth herein at length.

2.    The defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, were, directly and/or vicariously, by and through their agents, servants, employees and/or departments, careless, reckless and negligent in that they failed to properly provide for basic dignity to plaintiff, subjected plaintiff to risk of assault, subjected plaintiff to forced labor, disregarded plaintiff's disability, engaged in activities in which they were not entitled or authorized, subjected plaintiff to cruel and unusual punishment, failed to properly supervise and/or report their co-defendant co-employees, and were otherwise careless, reckless and negligent and/or acting with willful indifference and/or disregard.

9

3.    As a result of the aforesaid conduct of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, the plaintiff, Josephine Scheid, sustained personal injuries of both a temporary and permanent nature, did suffer, is suffering, and may in the future suffer great upset and nervous shock, has incurred, is incurring and/or may in the future be caused to incur great expense for hospital and/or medical treatment in an effort to rectify said injuries and has been and will be prevented from pursuing her usual activities and occupation and has been otherwise injured and suffered damages.

WHEREFORE, plaintiff, Josephine Scheid, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for damages, together with interest, attorneys fees and costs of suit.

## EIGHTH COUNT

1.    Plaintiff, Josephine Scheid, hereby incorporates by reference the Seventh Count of this Complaint as fully as though the same were set forth herein at length.

2.    The aforesaid conduct of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, was violative of the constitutional and civil rights of the plaintiff, Josephine Scheid.

WHEREFORE, plaintiff, Josephine Scheid, demands judgment against the defendants, including those whose names are presently unknown, along

10

with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for damages, together with interest, attorneys fees and costs of suit.

NINTH COUNT

1.   Plaintiff, Josephine Scheid, hereby incorporates by reference the Seventh and Eighth Counts of this Complaint as fully as though the same were set forth herein at length.

2.   The aforesaid acts of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, were willful, wanton, blatant and/or otherwise evidence disregard for the health, safety, well-being, rights and/or otherwise of the plaintiff, Josephine Scheid, warranting punitive damages.

WHEREFORE, plaintiff, Josephine Scheid, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for punitive damages, together with interest, attorneys fees and costs of suit.

TENTH COUNT

1.   Plaintiff, Sandra Tarin, hereby incorporates by reference paragraphs 1 - 10, inclusive, of the Facts set forth hereinabove, as fully as though the same were set forth herein at length.

2.   The defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, were, directly and/or vicariously, by and through their agents, servants, employees and/or

11

departments, careless, reckless and negligent in that they failed to properly provide for basic dignity to plaintiff, subjected plaintiff to risk of assault, deprived plaintiff of the opportunity for early release available to male inmates, engaged in activities in which they were not entitled or authorized, subjected plaintiff to cruel and unusual punishment, failed to properly supervise and/or report their co-defendant co-employees, and were otherwise careless, reckless and negligent and/or acting with willful indifference and/or disregard.

3.   As a result of the aforesaid conduct of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, the plaintiff, Sandra Tarin, sustained personal injuries of both a temporary and permanent nature, did suffer, is suffering, and may in the future suffer great upset and nervous shock, has incurred, is incurring and/or may in the future be caused to incur great expense for hospital and/or medical treatment in an effort to rectify said injuries and has been and will be prevented from pursuing her usual activities and occupation and has been otherwise injured and suffered damages.

WHEREFORE, plaintiff, Sandra Tarin, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for damages, together with interest, attorneys fees and costs of suit.

ELEVENTH COUNT

1.   Plaintiff, Sandra Tarin, hereby incorporates by reference the Tenth Count of this Complaint as fully as though the same were set

forth herein at length.

2.   The aforesaid conduct of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, was violative of the constitutional and civil rights of the plaintiff, Sandra Tarin.

WHEREFORE, plaintiff, Sandra Tarin, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for damages, together with interest, attorneys fees and costs of suit.

TWELFTH COUNT

1.   Plaintiff, Sandra Tarin, hereby incorporates by reference the Tenth and Eleventh Counts of this Complaint as fully as though the same were set forth herein at length.

2.   The aforesaid acts of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, were willful, wanton, blatant and/or otherwise evidence disregard for the health, safety, well-being, rights and/or otherwise of the plaintiff, Sandra Tarin, warranting punitive damages.

WHEREFORE, plaintiff, Sandra Tarin, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for punitive damages, together with interest, attorneys fees and costs of suit.

Dated: May 8, 2022                    THERESA C. GRABOWSKI, ESQUIRE
                                      Attorney for plaintiffs


                                      BY:
                                          THERESA C. GRABOWSKI



        PLEASE TAKE NOTICE that plaintiffs hereby demand a trial by jury
and that, pursuant to Rule 4:25-4, Theresa C. Grabowski is hereby
designated as trial counsel.

Dated: May 8, 2022                    THERESA C. GRABOWSKI, ESQUIRE
                                      Attorney for plaintiffs


                                      BY:
                                          THERESA C. GRABOWSKI

        Pursuant to Rule 4:5-1, I hereby certify that, to the best of my
knowledge and belief, there are no other parties who should or presently
can be joined in this action. I further certify that no other proceedings
are pending or contemplated with regard to the within action. The aspects
of Josephine Scheid's presently pending matter under 1:22-cv-58 will be
dismissed, as the same pertain to the matter set forth herein.

        The undersigned further certifies that confidential personal
identifiers have been redacted from documents now submitted to the Court,
and will be redacted from all documents submitted in the future, in accord
with Rule 1:38-7(b).

Dated: May 8, 2022                    THERESA C. GRABOWSKI, ESQUIRE
                                      Attorney for plaintiffs


                                      BY:
                                          THERESA C. GRABOWSKI


                                    14