# EXHIBIT "A"
# Part 2 of 9

#20021-351-RLG



*Attorney of Record:  Richard L. Goldstein, Esq. – NJ Attorney I.D.  #033281981*
*Filing Attorney:  Matthew J. Behr, Esq. – NJ Attorney I.D. #025841998*
15000 Midlantic Drive ⬥ Suite 200
P.O. Box 5429
Mount Laurel, NJ  08054
☎ 856-414-6000 ⬥ 🖷 856-414-6077 ⬥ ✉ rlgoldstein@mdwcg.com
Attorney for Defendants, Robert Nolan, Warden of the Cape May County Correctional Facility,
and Cape May County

| | |
|---|---|
| DANA GILROY, SUSAN KUSEK, JOSEPHINE SCHEID and SANDRA TARIN,<br><br>        Plaintiffs,<br><br>*vs*.<br><br>ROBERT NOLAN; WARDEN OF THE CAPE MAY COUNTY CORRECTIONAL FACILITY; CAPE MAY COUNTY (directly and/or by and through its departments, the Sheriff's Office and/or the Correctional Facility); D. ASENCIO-PEREZ; A. NIELSEN; JOHN DOE(S) 1 – 5, a fictitious name(s); and JOHN DOES 6 – 40, a fictitious name(s), individually, jointly, severally and/or in the alternative,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAPE MAY COUNTY<br><br>DOCKET NO.:   CPM-L-153-22<br><br>**CIVIL ACTION**<br><br><br>***NOTICE OF MOTION TO DISMISS COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM*** |

**TO:**

Theresa C. Grabowski, Esq.
LAW OFFICE OF THERESA C. GRABOWSKI
One Eves Dr., Suite 111
Marlton, NJ  08053
*Attorney for Plaintiff*

**PLEASE TAKE NOTICE** that the undersigned will apply to the above-named Court at the Cape May County Superior Court, 9 N. Main Street, Cape May Court House, NJ, on **Friday, August 26, 2022**, at **9:00 a.m**., or as soon thereafter as counsel may be heard, for an Order granting Defendants' Motion to Dismiss Complaint, with Prejudice, for Failure to State a Claim.

**PLEASE TAKE FURTHER NOTICE** that Defendants will rely upon the Brief and Exhibits attached hereto in support of this Motion.

Oral argument _**is**_ requested.

A proposed form of Order is attached.



By:   /s/ Matthew J. Behr
MATTHEW J. BEHR, ESQ.
Attorney for Defendants,
Robert Nolan, Warden of the Cape May
County Correctional Facility, and Cape May
County

DATED:  July 18, 2022

-2-

#20021-351-RLG



*Attorney of Record:  Richard L. Goldstein, Esq. – NJ Attorney I.D.  #033281981*
*Filing Attorney:  Matthew J. Behr, Esq. – NJ Attorney I.D. #025841998*
15000 Midlantic Drive ⬩ Suite 200
P.O. Box 5429
Mount Laurel, NJ  08054
☎ 856-414-6000  ⬩ 🖨856-414-6077  ⬩ 🖅 rlgoldstein@mdwcg.com
Attorney for Defendants, Robert Nolan, Warden of the Cape May County Correctional Facility,
and Cape May County

| | |
|---|---|
| DANA GILROY, SUSAN KUSEK, JOSEPHINE SCHEID and SANDRA TARIN, <br><br> Plaintiffs, <br><br> *vs.* <br><br> ROBERT NOLAN; WARDEN OF THE CAPE MAY COUNTY CORRECTIONAL FACILITY; CAPE MAY COUNTY (directly and/or by and through its departments, the Sheriff's Office and/or the Correctional Facility); D. ASENCIO-PEREZ; A. NIELSEN; JOHN DOE(S) 1 – 5, a fictitious name(s); and JOHN DOES 6 – 40, a fictitious name(s), individually, jointly, severally and/or in the alternative, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION CAPE MAY COUNTY <br><br> DOCKET NO.:  CPM-L-153-22 <br><br> <u>**CIVIL ACTION**</u> <br><br> ***ORDER*** |

  ***THIS MATTER*** having been opened to the Court by Matthew J. Behr, Esq., of the law

firm Marshall Dennehey Warner Coleman & Goggin, counsel for Defendants, Robert Nolan,

Warden of the Cape May County Correctional Facility, and Cape May County, and the Court

having considered the moving papers and any opposition filed thereto, and for other and further

good cause shown;

*IT IS* on this _____ day of _____, 2022, ***ORDERED*** that:

1. Defendants, Robert Nolan, Warden of the Cape May County Correctional Facility, and Cape May County's, Motion to Dismiss Complaint, with Prejudice, for Failure to State a Claim is hereby ***GRANTED***;

2. Plaintiff's Complaint is hereby ***DISMISSED WITH PREJUDICE***.

***BY THE COURT:***

_____
THE HON. JAMES H. PICKERING, J.S.C.

Opposed         (     )

Unopposed     (     )

LEGAL/147408831.v1

-2-

#20021-351-RLG



*Attorney of Record:  Richard L. Goldstein, Esq. – NJ Attorney I.D.  #033281981*
*Filing Attorney:  Matthew J. Behr, Esq. – NJ Attorney I.D.  #025841998*
15000 Midlantic Drive ⬧ Suite 200
P.O. Box 5429
Mount Laurel, NJ  08054
☎856-414-6000 ⬧ 🖷856-414-6077 ⬧ 🖃 rlgoldstein@mdwcg.com
Attorney for Defendants, Robert Nolan, Warden of the Cape May County Correctional Facility,
and Cape May County

| | |
|---|---|
| DANA GILROY, SUSAN KUSEK, JOSEPHINE SCHEID and SANDRA TARIN, <br><br> Plaintiffs, <br><br> *vs.* <br><br> ROBERT NOLAN; WARDEN OF THE CAPE MAY COUNTY CORRECTIONAL FACILITY; CAPE MAY COUNTY (directly and/or by and through its departments, the Sheriff's Office and/or the Correctional Facility); D. ASENCIO-PEREZ; A. NIELSEN; JOHN DOE(S) 1 – 5, a fictitious name(s); and JOHN DOES 6 – 40, a fictitious name(s), individually, jointly, severally and/or in the alternative, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION CAPE MAY COUNTY <br><br> DOCKET NO.:  CPM-L-153-22 <br><br> **CIVIL ACTION** <br><br> ***DEFENDANTS ROBERT NOLAN, WARDEN OF THE CAPE MAY COUNTY CORRECTIONAL FACILITY'S AND CAPE MAY COUNTY'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM*** |

## I.    INTRODUCTION

Plaintiffs (all females) were pretrial detainees at the Cape May County Correctional Facility

in or about May, 2020.  They allege that they were subjected to an unconstitutional search in

front of both male and female correction officers based on false disciplinary charges.  The

disciplinary charges were eventually dismissed.

Plaintiffs have asserted various tort based and constitutional claims. However, Plaintiffs have failed to state a claim for which relief can be granted as to any of the causes of action as to Defendants Robert Nolan, Warden of the Cape May County Correctional Facility and Cape May County ("Moving Defendants").

**First,** Plaintiffs have failed to comply with R. 4:5-7. Plaintiffs did not set forth concise paragraphs with one allegation to each of the paragraphs.

**Second**, Plaintiffs in the First, Fourth, Seventh, and Tenth Counts[1] are alleging negligence claims against the Moving Defendants. As such, Plaintiffs were obligated to serve on the Defendants a Tort Claims Notice within 90 days of May, 2020. Plaintiffs have never served any Tort Claims Notice. As such, any and all tort based claims must be dismissed with prejudice.

**Third,** Plaintiffs in the Second, Fifth, Eighth and Eleventh Counts[2] set forth a general cause of action based on violations of constitutional and civil rights law. Plaintiffs have failed to specify what constitutional violation allegedly occurred. Plaintiffs have also failed to specify whether they are alleging violations of federal and/or state constitutional right. Plaintiffs have further failed to identify what civil rights claims they are alleging with specificity.

Even if Plaintiffs are alleging that their constitutional rights were violated as to their right to be free from unreasonable search and seizure under federal and/or state constitutional law, the Courts have held that strip searches in front of correction officers of a different gender do not

---

[1] The First Count pertains to Plaintiff Gilroy, Fourth Count Plaintiff Kusek, Seventh Count Plaintiff Scheid, and Tenth Count Plaintiff Tarin. All these counts allege the same causes of action.
[2] The Second Count pertains to Plaintiff Gilroy, Fifth Count Plaintiff Kusek, Eighth Count Plaintiff Scheid, and Eleventh Count Plaintiff Tarin. All these counts allege the same cause of action.

rise to a constitutional violation.  Therefore, the only possible claim Plaintiffs could be asserting is not actionable as a matter of law.

Additionally the Moving Defendants can only be liable for a constitutional claim if a policy and/or custom caused the alleged constitutional violation pursuant to Monell.  Plaintiffs have failed to plead this and as such all claims based on constitutional/civil rights claims must be dismissed.

**Fourth**, Plaintiffs in the Third, Sixth, Ninth, and Twelve Counts[3] seek punitive damages against the moving Defendants.  However, public entities are not liable for punitive damages based on state based claims pursuant to the New Jersey Tort Claims Act.  Moreover, any constitutional based claims that seek punitive damages must also be dismissed because a public entity cannot be liable for punitive damages based on a constitutional violation.[4]

Therefore, Plaintiffs have failed to state a claim for relief and their Complaint must be dismissed with prejudice.

## II.    FACTUAL BACKGROUND

The Plaintiffs were all detainees at the Cape May County Correctional Facility in or about May, 2020.  See Exhibit "A", ¶ 1.  Plaintiffs allege in Paragraph 2 that they were seated at the same table and compelled to a strip naked in full view of other inmates and in the presence of female and male correctional officers, including bending over and fully turning around.  See

---

[3] The Third Count pertains to Plaintiff Gilroy, Sixth Count Plaintiff Kusek, Ninth Count Plaintiff Schein, Twelve Count Plaintiff Tarin.  All these counts allege the same cause of action.
[4] Robert Nolan is only being sued as in his official capacity as the Warden, therefore he stands in the shoes as the public entity.

Exhibit "A", ¶ 2.   Plaintiffs were charged with discipline which were dismissed with a finding of "not guilty."  See Exhibit "A", ¶ 3.

Plaintiff Scheid also alleges that she advised prison personnel that she had limited use of her left arm due to her cardiac condition and implanted pacemaker/defibrillator and the prison staff forced her to clean.  See Exhibit "A", ¶ 4.  She alleges she she experienced severe pain and was not provided any treatment.  See Exhibit "A", ¶ 4.

Plaintiffs Gilroy, Kusek and Tarin allege they were deprived the ability to work within the facility to reduce time from their sentences which was provided to the male detainees.  See Exhibit "A", ¶ 5.

## III.  LEGAL ARGUMENTS

### A.  LEGAL STANDARD FOR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

New Jersey Court Rule 4:6-2(e) provides for the following:

> Every defense, legal or equitable, in law or fact, to a claim for relief in any complaint, cross-claim, or third-party complaint shall be asserted in the answer thereto, except that of the following defenses, unless otherwise provided by R. 4:6-3, may at the option of the pleader be made by motion, with briefs: … (e) failure to state a claim upon which relief may be granted … A motion to dismiss based on defense (e), and any opposition thereto, shall be filed and served in accordance with the time frames set out in R. 4:46-1. If, on a motion to dismiss based on defense (e), matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by R. 4:46, and all parties shall be given reasonable notice of the court's intention to treat the motion as one for summary judgment and a reasonable opportunity to present all material pertinent to such a motion.

See R. 4:6-2(e).  To survive dismissal under R. 4:6-2(e), "[p]leadings must fairly apprise the adverse party of the claims and issues to be raised at trial."  See Spring Motors Distribs., Inc. v.

Ford Motor Co., 191 N.J. Super. 22, 29 (App. Div. 1983); see also Pressler & Vierno, Current N.J. Court Rules, cmt. 1 on R. 4:5-2 (2018).  A complaint "cannot be devoid of the essential elements of the cause of action." Rebish v. Great Gorge, 224 N.J. Super. 619, 627 (App. Div. 1988).  It must allege sufficient facts "to give rise to a cause of action; mere conclusions and an intention to rely on discovery are inadequate."  Glass v. Suburban Restoration Co., 317 N.J. Super. 574, 582 (App. Div. 1998).

In deciding a motion under R. 4:6-2(e), a court must search the complaint in depth and with liberality to determine whether a possible cause of action may be developed.  See Printing Mart-Morristown v. Sharp Electronics Corp., 116 N.J. 739, 746 (1989).  While a plaintiff is entitled to every reasonable inference of fact, the Court need not indulge Plaintiff's every conclusory allegations.  See Scheidt v. DRS Tech., Inc., 434 N.J. Super. 188, 193 (App. Div. 2012) (citing Printing Mart, supra, 116 N.J. at 768).  Accordingly, if a court finds that no cause of action can develop from the pleadings and no amount of discovery would provide one, then the Court should dismiss the complaint and prevent wasting precious judicial resources and subjecting a defendant to costly litigation.  See Camden Cty. Energy Rec. Assocs., L.P. v. N.J. Dep't of Envtl. Prot., 320 N.J. Super. 59, 64 (App. Div. 1999), aff'd o.b., 170 N.J. 246 (2001); Holmin v. TRW, Inc., 330 N.J. Super. 30, 32 (App. Div. 2000); aff'd o.b., 167 N.J. 205 (2001); Sparroween, LLC v. West Caldwell, 452 N.J. Super. 329, 339 (App. Div. 2017).  Even the most indulgent review of Plaintiffs' Complaint fails to demonstrate its viability as a matter of law.

## B.  PLAINTIFFS HAVE FAILED TO COMPLY WITH R. 4:5-7

New Jersey Court Rule 4:5-7 provides for the following: "[e]ach allegation of a pleading shall be simple, concise and direct..."  The allegations in Plaintiffs' Complaint are far from "concise and direct."  Plaintiffs' paragraphs contain numerous, vaguely worded, and often

confusing allegations.  Additionally, in many instances, Plaintiffs' Complaint contains multiple allegations within each paragraph.  For instance, in Counts One, Four, Seven, and Ten, Plaintiffs state the following:

> The defendants, including those whose names are presently unknown, along with Robert Nola and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, were directly and/or vicariously, by and through their agents, servants, employees and/or departments, careless**,** reckless and negligent in that they failed to properly provide for basic dignity to plaintiff, subjected plaintiff to risk of assault, deprived plaintiff of the opportunity for early release available to male inmates, engaged in activities in which they were not entitled or authorized, subjected plaintiff to cruel and unusual punishment, failed to properly supervise, and/or report their co-defendant co-employees, and were otherwise careless, reckless and negligent and/or acting with willful indifference and/or disregard.

This Paragraph, which repeats itself a total of four times, sets forth potentially multiple different causes of action all premised upon a negligence/careless claim and is vaguely worded. For instance, Defendants do not know what cause of action under what law Plaintiffs are asserting a negligence claim in that they failed to properly provide basic dignity to plaintiff.  "This is in violation of <u>R.</u> 4:5-7 and is further evidence that Plaintiffs' Complaint is simply insufficient.[5]

### C.  PLAINTIFFS FAILED TO SERVE A TORT CLAIMS NOTICE

According to the Tort Claims Act, no action may be brought against a public entity or public employee unless it is in accord with the procedure established under the Act. N.J.S.A. 59:8-3.  The Tort Claims Act established a ninety (90) day period from the time the claim accrues for a plaintiff to file a Notice of Claim.  <u>See</u> N.J.S.A. 59:8-8.  The Tort Claims Act provides, in pertinent part:

> A claim relating to a cause of action for death or for injury or for damage to person or to property, shall be presented as provided in

---

[5] Whatever causes of actions are asserted in these Paragraphs, Defendants maintain it does not matter since they are all based on negligence and Plaintiffs failed to serve a Notice of Tort Claim.  <u>See</u> <u>infra.</u>

> this chapter not later than the ninetieth day after accrual of the
> cause of action. . . .  The claimant shall be forever barred from
> recovering against a public entity or public employee if:
>
> a.  he failed to file his claim with the public entity within ninety
> days of accrual of the claim . . . .

The purposes of the ninety (90) day limit are: (1) to allow the public entity at least six months for administrative review with the opportunity to settle meritorious claims prior to the bringing of suit; (2) to provide the public entity with prompt notification of a claim in order to adequately investigate the facts and prepare a defense; (3) to afford the entity a chance to correct the conditions or practices which gave rise to the claim; and (4) to inform the State in advance as to indebtedness or liability that it may be expected to meet.  Beauchamp v. Amedio, 164 N.J. 111, 121-22 (2000).

The New Jersey Supreme Court further clarified the requirements under the Act and held that a Notice of Tort Claims is required to be filed for both negligent and intentional causes of action.  See Velez v. City of Jersey City, 180 N.J. 284 (2004).  In addition, a Notice of Tort claim must be properly provided for claims against public employees.

Counts One, Four, Seven and Ten allege various tort based claims based on alleged careless, reckless and negligent conduct.  Specifically, Counts Two, Four, Seven and Ten allege the following:

> The defendants, including those whose names are presently unknown,
> Along with Robert Nola and/or the Warden of the Cape May County
> Correctional Facility and/or Cape May County, were directly and/or
> vicariously, by and through their agents, servants, employees and/or
> departments, **careless, reckless and negligent** in that they failed to
> properly provide for basic dignity to plaintiff, subjected plaintiff to
> risk of assault, deprived plaintiff of the opportunity for early release
> available to male inmates, engaged in activities in which they were
> not entitled or authorized, subjected plaintiff to cruel and unusual
> punishment, failed to properly supervise, and/or report their
> co-defendant co-employees, and were otherwise **careless, reckless**

      **and negligent** and/or acting with willful indifference and/or disregard.

All of these alleged claims are based on some sort of negligence claim. Therefore, Plaintiffs were required to file a Notice of Tort Claim within 90 days of alleged wrongful act that gives rise to any and all possible causes of action. Plaintiffs simply failed to send a Tort Claims Notice to Cape May County. It is now over two years from the alleged events given rise to the causes of action that occurred in May, 2020. As a result, Counts One, Four, Seven and Ten must be dismissed with prejudice.

### D. ANY VAGUE CAUSE OF ACTIONS BASED ON A VIOLATIONS OF CONSTITUTIONAL LAW/CIVIL RIGHTS MUST BE DISMISSED WITH PREJUDICE

#### 1. PLAINTIFFS HAVE FAILED TO PLEAD WITH SPECIFICITY

To the extent that Plaintiffs are alleging violation(s) of constitutional rights, Plaintiffs have not specified 1) what constitutional right(s) were allegedly violated, or 2) whether the alleged violation is of state or federal constitutional rights or 3) how the alleged constitutional violation caused their damages or 4) what is meant by civil rights violation. Without this pertinent information, Defendants cannot effectively defend, or even respond to Plaintiffs' Complaint.

#### 2. PLAINTIFFS HAVE FAILED TO ALLEGE A MONELL CLAIM

Plaintiff's claim against the Moving Defendants must be dismissed because Plaintiffs have failed to plead that a policy or custom of Defendants caused the alleged constitutional violations. Pursuant to Supreme Court precedent a local governing body may only be sued directly under 42 U.S.C. § 1983 where the entity "implements or executes a policy, statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers."

Monell v. Dep't of Social Serv. of the City of New York, 436 U.S. 658, 690 (1978).  The Third

Circuit further specified that a Municipality can only be liable where an action pursuant to a

Municipal policy or custom causes a constitutional tort. Fagan v. City of Vineland, 22 F.3d 1283

(3d Cir. 1994). See also PBA Local Number 38 v. Woodbridge Police Dep't, 832 F. Supp. 808

(D.N.J. 1993).  The touchstone is "an allegation that an official policy is responsible for a

deprivation of rights protected by the Constitution."  Monell, supra.

In Monell, the Court held that because Congress "did not intend municipalities to be held

liable unless action pursuant to official policy of some nature caused a constitutional tort,"

liability would only be imposed on a government that, under color of some official policy,

*caused* an employee to violate another's individual right." Id. at 692.  As such, the Court must

analyze the plaintiffs' civil rights claims (whether federal or state) under the stringent Monell

standard set forth above.

In reviewing Municipal policies or customs, this Court has found that a policy is made

when a decision-maker possessing final authority to establish Municipal policy issues an official

proclamation, policy or edict.  Torres v. Kuzniasz, 936 F. Supp. 1201 (D.N.J. 1996).  See also

Hernandez v. Borough of Palisades Park Police Dep't, 58 Fed. Appx. 909 (3d Cir. 2003) (a

successful plaintiff must establish that the final authoritative figure within a municipality

violated that policy).  A "custom," on the other hand, may arise when, though not authorized by

law, practices by officials are so permanent and well-settled as to virtually constitute law. Id.

Monell requires a plaintiff to prove the existence of a policy or custom which is long standing so

as to have the force of law.  Roman v. Appleby, 558 F. Supp. 449 (E.D. Pa. 1983).  Further, in

Oklahoma City v. Tuttle, 471 U.S. 808 (1985), the Court held that "a single incident of

unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the

incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."

Courts have analyzed the New Jersey Civil Rights Act (NJCRA) identical to the court's interpretation of federal civil rights statutes, and in particular 42 U.S.C. § 1983. See <u>Allen v. Fauver</u>, 167 N.J. 69, 74 (2001). Thus, if Plaintiffs are alleging violations of the NJCRA those claims are to be analyzed identical to federal law under United States Supreme Court and Third Circuit precedent.

Plaintiffs have failed to set forth in the Complaint what policy and/or custom existed with Cape May County that caused the alleged constitutional violation (again it is unclear what constitutional violation is even being alleged). As such, the Complaint fails to state a claim for a constitutional violation against the Moving Defendants and all claims premised upon an alleged constitutional/civil rights violation, whether federal and/or state law, must be dismissed with prejudice.

### 3.   PLAINTIFFS' POSSIBLE ALLEGED CAUSE OF ACTION FOR UNREASONABLE SEARCH AND SEARCH IS NOT A RECOGNIZED CAUSE OF ACTION UNDER CONSTITUTIONAL LAW

It appears that Plaintiffs are alleging, although not specifically plead, that they were subject to an unconstitutional strip search because they were strip searched in front of male officers, and they are females.[6] If Plaintiffs are making this claim, the Third Circuit has made it clear that such a claim is not a constitutional violation and therefore any claim must be dismissed.

---

[6] Because Plaintiffs were pretrial detainees, the claims have to be brought through the Fourteenth Amendment and not the Fourth (arrestee) or Eighth (convicted prisoner). The analysis though is the same.

In <u>Small v. Wetzel</u>, 528 Fed. Appx. 202 (3d Cir. 2013), remanded on other grounds, 2014 WL 295714 (W.D. Pa. Jan. 24, 2014), aff'd on other grounds, 592 Fed. Appx 62 (3d Cir. 2014), plaintiffs were male prisoners at the State Correctional Institution at Laurel Highlands in Pennsylvania. On October 5, 2009, a general lockdown occurred involving all inmates. As part of the lockdown, all inmates were strip-searched. The plaintiffs alleged that they were ordered to remove their clothes, spread their buttocks, and lift their penises to facilitate the search in front of female civilian staff. <u>Id.</u> at 205. Plaintiffs requested that the strip-search be performed behind a nearby shower area or behind a curtain instead of their open cubicles because their Islam faith prohibited men from being naked in front of women other than their spouses. <u>Id.</u>

Plaintiffs alleged that the strip-search violated their Fourth Amendment right to be free of unreasonable search and seizure and brought claims pursuant to 42 U.S.C. § 1983. <u>Id.</u> at 206. The Third Circuit held that the mere presence of women during the lockdown strip search did not render the search unconstitutional. <u>Id.</u> at 207. <u>See also</u> <u>Evans v Kaye</u>, 2021 WL 5416282, *7 (W.D. Pa. Nov. 19, 2021) ("The fact that female officers were present during the search does not violate the Constitution.")[7]

Therefore, if Plaintiffs are alleging that the strip search violated their Fourteenth Amendment because they were strip searched in front of males, that is not a viable cause of action and must be dismissed.

---

[7] <u>See</u> Exhibit "B".

### E.  PLAINTIFFS' CLAIMS FOR PUNITIVE DAMAGES MUST BE DISMISSED

#### 1.  CLAIMS BASED ON STATE TORT LAW

A public entity cannot be held liable for punitive damages.  See N.J.S.A. 59:9-2(c).

Therefore, Counts Three, Six, Nine and Twelve as to punitive damages asserted against the

moving Defendants based on state based claims must be dismissed with prejudice.

#### 2.  CLAIMS BASED ON CONSTITUTIONAL VIOLATIONS

Public entities are not liable for punitive damage awards based on violations of

constitutional law.  See City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981).  Thus,

Counts Three, Six, Nine and Twelve as to punitive damages asserted against moving Defendants

based on alleged violations of constitutional law/civil rights must be dismissed with prejudice.

### IV.    CONCLUSION

For all of the foregoing reasons, the Moving Defendants respectfully request that

Plaintiffs' Complaint be dismissed with prejudice.

Respectfully submitted,



By:    /s/ Matthew J. Behr

Matthew J. Behr, ESQ.
Attorney for Defendants,
Robert Nolan, Warden of the Cape May
County Correctional Facility, and
Cape May County

DATED:  July 18, 2022

#20021-351-RLG



*Attorney of Record:  Richard L. Goldstein, Esq. – NJ Attorney I.D.  #033281981*
*Filing Attorney:  Matthew J. Behr, Esq. – NJ Attorney I.D. #025841998*
15000 Midlantic Drive ⬥ Suite 200
P.O. Box 5429
Mount Laurel, NJ  08054
☎856-414-6000 ⬥ 🖷856-414-6077 ⬥ 🖃 rlgoldstein@mdwcg.com
Attorney for Defendants, Robert Nolan, Warden of the Cape May County Correctional Facility,
and Cape May County

|  |  |
|---|---|
| DANA GILROY, SUSAN KUSEK, JOSEPHINE SCHEID and SANDRA TARIN,<br><br>Plaintiffs,<br><br>*vs.*<br><br>ROBERT NOLAN; WARDEN OF THE CAPE MAY COUNTY CORRECTIONAL FACILITY; CAPE MAY COUNTY (directly and/or by and through its departments, the Sheriff's Office and/or the Correctional Facility); D. ASENCIO-PEREZ; A. NIELSEN; JOHN DOE(S) 1 – 5, a fictitious name(s); and JOHN DOES 6 – 40, a fictitious name(s), individually, jointly, severally and/or in the alternative,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION CAPE MAY COUNTY<br><br>DOCKET NO.:  CPM-L-153-22<br><br>**CIVIL ACTION**<br><br>*PROOF OF FILING AND SERVICE* |

The within ***Motion to Dismiss Complaint, with Prejudice, for Failure to State a Claim***

has been filed this date via electronic filing with the Clerk, Civil Part, Cape May County

Superior Court.



By:  /s/ Matthew J. Behr

MATTHEW J. BEHR, ESQ.
Attorney for Defendants,
Robert Nolan, Warden of the Cape May
County Correctional Facility, and Cape May
County

DATED:  July 18, 2022

### *PROOF OF SERVICE*

On, July 18, 2022, I, the undersigned, served the within **Motion to Dismiss Complaint,**

**with Prejudice, for Failure to State a Claim** via **electronic filing** to the following party:

Theresa C. Grabowski, Esq.
LAW OFFICE OF THERESA C. GRABOWSKI
One Eves Dr., Suite 111
Marlton, NJ  08053
*Attorneys for Plaintiff*

And a courtesy copy to the following via **New Jersey Lawyers Service**:

The Hon. James H. Pickering, Jr., J.S.C.
CAPE MAY COUNTY SUPERIOR COURT
9 North Main St., 2nd floor
Cape May Court House, NJ  08210

I declare under penalty of perjury that the foregoing is true and correct. I am aware that if

any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/ Patricia A. Yarson

PATRICIA A. YARSON
Administrative Assistant

DATED:  July 18, 2022

-2-

#20021-351-RLG



*Attorney of Record:  Richard L. Goldstein, Esq. – NJ Attorney I.D.  #033281981*
*Filing Attorney:  Matthew J. Behr, Esq. – NJ Attorney I.D. #025841998*
15000 Midlantic Drive ⬩ Suite 200
P.O. Box 5429
Mount Laurel, NJ  08054
☎856-414-6000  ⬩  🖷856-414-6077  ⬩  🖃 rlgoldstein@mdwcg.com
Attorney for Defendants, Robert Nolan, Warden of the Cape May County Correctional Facility,
and Cape May County

| | |
|---|---|
| DANA GILROY, SUSAN KUSEK, JOSEPHINE SCHEID and SANDRA TARIN, <br><br> Plaintiffs, <br><br> *vs.* <br><br> ROBERT NOLAN; WARDEN OF THE CAPE MAY COUNTY CORRECTIONAL FACILITY; CAPE MAY COUNTY (directly and/or by and through its departments, the Sheriff's Office and/or the Correctional Facility); D. ASENCIO-PEREZ; A. NIELSEN; JOHN DOE(S) 1 – 5, a fictitious name(s); and JOHN DOES 6 – 40, a fictitious name(s), individually, jointly, severally and/or in the alternative, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION <br> CAPE MAY COUNTY <br><br> DOCKET NO.:  CPM-L-153-22 <br><br> **CIVIL ACTION** <br><br> ***CERTIFICATION OF EXHIBITS*** |

I, MATTHEW J. BEHR, ESQ., of full age, hereby certify as follows:

1.  I am an Attorney at Law of the State of New Jersey, and a shareholder with the law

firm of Marshall Dennehey Warner Coleman & Goggin.   I am familiar with the facts

and circumstances of this matter.  I submit this Certification in support of Defendants,

LEGAL/147409285.v1

Robert Nolan, Warden of the Cape May County Correctional Facility, and Cape May

County's Motion to Dismiss Complaint, with Prejudice, for Failure to State a Claim.

2. The attached exhibits are true and correct copies which are relied upon by the

Defendants in support of the Motion to Dismiss Complaint, with Prejudice, for Failure

to State a Claim.

I declare under penalty of perjury that the foregoing is true and correct. I am aware that

if any of the foregoing statements made by me are willfully false, I am subject to punishment.



By:  /s/ Matthew J. Behr
                MATTHEW J. BEHR, ESQ.
                Attorney for Defendants,
                Robert Nolan, Warden of the Cape May
                County Correctional Facility, and Cape May
                County

DATED:  July 18, 2022

-2-

# EXHIBIT "A"

**THERESA C. GRABOWSKI, ESQUIRE**
Attorney ID # 026111986
One Eves Drive, Suite 111
Marlton, New Jersey 08053
856.547.7776
tcg908@yahoo.com
Attorney for plaintiffs

| | |
|---|---|
| DANA GILROY, SUSAN KUSEK, JOSEPHINE SCHEID and SANDRA TARIN, | : SUPERIOR COURT OF NEW JERSEY LAW DIVISION |
| | : CAPE MAY COUNTY |
| Plaintiffs, | Docket Number |
| | : |
| vs. | Civil Action |
| | : |
| ROBERT NOLAN; WARDEN OF THE CAPE MAY COUNTY CORRECTIONAL FACILITY; CAPE MAY COUNTY (directly and/or by and through its departments, the Sheriff's Office and/or the Correctional Facility); D. ASENCIO-PEREZ; A. NIELSEN; JOHN DOE(S) 1 - 5, a fictitious name(s); and JOHN DOES 6 - 40, a fictitious name(s), individually, jointly, severally and/or in the alternative, | COMPLAINT |
| | : |
| | : |
| | : |
| | : |
| | : |
| Defendants. | : |

Plaintiffs, Dana Gilroy (presently residing in Cape May County); Susan Kusek (presently residing in Burlington County), Josephine Scheid (presently residing in Bradenton, Florida) and Sandra Tarin (presently residing in Cape May County), by way of Complaint against the defendants, Robert Nolan; the Warden of the Cape May County Correctional Facility; Cape May County (directly and/or by and through its departments, the Sheriff's Office and/or the Correctional Facility); D. Asencio-Perez; A. Nielsen; John Doe(s) 1 - 5, a fictitious name(s); and John Doe(s) 6 - 40, a fictitious name(s); individually, jointly, severally and/or in the alternative, say:

PROCEDURAL STATEMENT

Plaintiff, Josephine Scheid, originally filed her Complaint in

1

this regard in Federal Court on or about January 5, 2022.  Pursuant to a conference held on or about April 22, 2022, the aspects of Josephine's aforesaid Complaint regarding the conditions and conduct at the Cape May County Correctional Facility were to be severed and the subject of a separate Complaint.  It was only within the past week that the additional plaintiffs retained counsel.  As at least one plaintiff is homeless and with limited access, particularly outside Cape May County, the plaintiffs now rely upon the remedies available to them in State Court in Cape May County.

FACTS

1.    The plaintiffs, Dana Gilroy, Susan Kusek, Josephine Scheid and Sandra Tarin, were all detainees at the Cape May County Correctional Facility in or about May, 2020.

2.    While detained at the Cape May County Correctional Facility, the rights of the plaintiffs were persistently violated.  By way of example, but not limitation, on or about May 9, 2020, the plaintiffs, Dana Gilroy, Susan Kusek, Josephine Scheid and Sandra Tarin, were seated at a table in general population.  There was an exchange between inmates. The entire table, including each plaintiff, was then baselessly subjected to a strip search - simply because they had been seated at the same table. Each plaintiff was compelled to strip naked, in full view of other inmates and in the presence of female and male correctional officers, including bending over and fully turning around.  The fact that the correctional officers knew their conduct was unlawful was reflected in the statement of one to Josephine:  "I hope you get a lawyer and sue them".

3.    Plaintiffs were subjected to disciplinary charges which

2

were signed against them by defendants D. Asencio-Perez and/or A. Nielsen, which charges were later proven to be false by the review of the facility's video, and therefore dismissed with a finding of "not guilty". Plaintiffs were also subjected to other unwarranted disciplinary charges (i.e.: a claim of being wrongfully in possession of a weapon (an ink pen) and wearing inappropriate attire (that had been properly purchased in the commissary of the Cape May County Correctional Facility)), only to be later found to be not guilty.

4.   Plaintiff, Josephine Scheid, was also subjected to further harm while in the Cape May County Correctional Facility. Another incident resulted when, despite Josephine's advisement to prison personnel that she had limited use of her left arm due to her cardiac condition and implanted pacemaker/defibrillator, prison staff forced her to clean. At one such time, she experienced severe pain, but was not provided with any treatment. On October 29, 2021, plaintiff, Josephine Scheid had to have heart surgery, which resulted in the advisement by Josephine's physician that one of the device leads for her heart had been damaged, apparently in the aforesaid incident.

5.   Plaintiffs, Dana Gilroy, Susan Kusek and Sandra Tarin, were also deprived of the ability to work within the facility to reduce time from their sentences, although such ability was provided to the male detainees.

6.   The defendant(s), Robert Nolan, as Sheriff of Cape May County, and/or the Warden of the Cape May County Correctional Facility, had obligation(s) of supervision, training and/or prevention of conduct such as that leading to the outrageous harm inflicted upon the plaintiffs.

3

7.    The defendant, Cape May County (directly and/or by and through its departments, the Sheriff's Office and/or the Correctional Facility and/or the employees of said departments) had obligation(s) of supervision, training and/or prevention of conduct such as that leading to the outrageous harm inflicted upon the plaintiffs.

8.    The defendants, John Doe(s) 1 - 5, a fictitious name(s), are the proper names for any and all defendants pled herein, in the event that any such defendant is pled under an incorrect spelling, designation or capacity.

9.    The defendants, John Doe(s) 6 - 40, a fictitious name(s), are the names of potential additional defendants of which plaintiffs have not yet been advised or able to determine.

10.    This matter involves not only violations of common law, but rights secured to the plaintiffs by the Constitution of the State of New Jersey and any and all Amendments thereto; the New Jersey Law Against Discrimination and/or Civil Rights Act.    This matter also involves violations of the New Jersey Administrative Code (including, but not limited to, N.J.A.C. §10A:3-5.7) and the Prison Rape Elimination Act; and any and all other applicable laws also establishing the liabilities of the defendant(s).

## FIRST COUNT

1.    Plaintiff, Dana Gilroy, hereby incorporates by reference paragraphs 1 - 10, inclusive, of the Facts set forth hereinabove, as fully as though the same were set forth herein at length.

2.    The defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County

4

Correctional Facility and/or Cape May County, were, directly and/or vicariously, by and through their agents, servants, employees and/or departments, careless, reckless and negligent in that they failed to properly provide for basic dignity to plaintiff, subjected plaintiff to risk of assault, deprived plaintiff of the opportunity for early release available to male inmates, engaged in activities in which they were not entitled or authorized, subjected plaintiff to cruel and unusual punishment, failed to properly supervise and/or report their co-defendant co-employees, and were otherwise careless, reckless and negligent and/or acting with willful indifference and/or disregard.

3.   As a result of the aforesaid conduct of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, the plaintiff, Dana Gilroy, sustained personal injuries of both a temporary and permanent nature, did suffer, is suffering, and may in the future suffer great upset and nervous shock, has incurred, is incurring and/or may in the future be caused to incur great expense for hospital and/or medical treatment in an effort to rectify said injuries and has been and will be prevented from pursuing her usual activities and occupation and has been otherwise injured and suffered damages.

WHEREFORE, plaintiff, Dana Gilroy, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for damages, together with interest, attorneys fees and costs of suit.

SECOND COUNT

5

1.    Plaintiff, Dana Gilroy, hereby incorporates by reference the First Count of this Complaint as fully as though the same were set forth herein at length.

2.    The aforesaid conduct of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, was violative of the constitutional and civil rights of the plaintiff, Dana Gilroy.

WHEREFORE, plaintiff, Dana Gilroy, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for damages, together with interest, attorneys fees and costs of suit.

THIRD COUNT

1.    Plaintiff, Dana Gilroy, hereby incorporates by reference the First and Second Counts of this Complaint as fully as though the same were set forth herein at length.

2.    The aforesaid acts of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, were willful, wanton, blatant and/or otherwise evidence disregard for the health, safety, well-being, rights and/or otherwise of the plaintiff, Dana Gilroy, warranting punitive damages.

WHEREFORE, plaintiff, Dana Gilroy, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional

6

Facility and/or Cape May County, on this Count for punitive damages, together with interest, attorneys fees and costs of suit.

## FOURTH COUNT

1.   Plaintiff, Susan Kusek, hereby incorporates by reference paragraphs 1 - 10, inclusive, of the Facts set forth hereinabove, as fully as though the same were set forth herein at length.

2.   The defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, were, directly and/or vicariously, by and through their agents, servants, employees and/or departments, careless, reckless and negligent in that they failed to properly provide for basic dignity to plaintiff, subjected plaintiff to risk of assault, deprived plaintiff of the opportunity for early release available to male inmates, engaged in activities in which they were not entitled or authorized, subjected plaintiff to cruel and unusual punishment, failed to properly supervise and/or report their co-defendant co-employees, and were otherwise careless, reckless and negligent and/or acting with willful indifference and/or disregard.

3.   As a result of the aforesaid conduct of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, the plaintiff, Susan Kusek, sustained personal injuries of both a temporary and permanent nature, did suffer, is suffering, and may in the future suffer great upset and nervous shock, has incurred, is incurring and/or may in the future be caused to incur great expense for hospital and/or medical treatment in an effort to rectify said injuries

7

and has been and will be prevented from pursuing her usual activities and occupation and has been otherwise injured and suffered damages.

WHEREFORE, plaintiff, Susan Kusek, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for damages, together with interest, attorneys fees and costs of suit.

### FIFTH COUNT

1.    Plaintiff, Susan Kusek, hereby incorporates by reference the Fourth Count of this Complaint as fully as though the same were set forth herein at length.

2.    The aforesaid conduct of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, was violative of the constitutional and civil rights of the plaintiff, Susan Kusek.

WHEREFORE, plaintiff, Susan Kusek, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for damages, together with interest, attorneys fees and costs of suit.

### FIFTH COUNT

1.    Plaintiff, Susan Kusek, hereby incorporates by reference the Third and Fourth Counts of this Complaint as fully as though the same were set forth herein at length.

2.    The aforesaid acts of the defendants, including those whose

8

names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, were willful, wanton, blatant and/or otherwise evidence disregard for the health, safety, well-being, rights and/or otherwise of the plaintiff, Susan Kusek, warranting punitive damages.

WHEREFORE, plaintiff, Susan Kusek, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for punitive damages, together with interest, attorneys fees and costs of suit.

SEVENTH COUNT

1.   Plaintiff, Josephine Scheid, hereby incorporates by reference paragraphs 1 - 10, inclusive, of the Facts set forth hereinabove, as fully as though the same were set forth herein at length.

2.   The defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, were, directly and/or vicariously, by and through their agents, servants, employees and/or departments, careless, reckless and negligent in that they failed to properly provide for basic dignity to plaintiff, subjected plaintiff to risk of assault, subjected plaintiff to forced labor, disregarded plaintiff's disability, engaged in activities in which they were not entitled or authorized, subjected plaintiff to cruel and unusual punishment, failed to properly supervise and/or report their co-defendant co-employees, and were otherwise careless, reckless and negligent and/or acting with willful indifference and/or disregard.

9

3.   As a result of the aforesaid conduct of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, the plaintiff, Josephine Scheid, sustained personal injuries of both a temporary and permanent nature, did suffer, is suffering, and may in the future suffer great upset and nervous shock, has incurred, is incurring and/or may in the future be caused to incur great expense for hospital and/or medical treatment in an effort to rectify said injuries and has been and will be prevented from pursuing her usual activities and occupation and has been otherwise injured and suffered damages.

WHEREFORE, plaintiff, Josephine Scheid, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for damages, together with interest, attorneys fees and costs of suit.

EIGHTH COUNT

1.   Plaintiff, Josephine Scheid, hereby incorporates by reference the Seventh Count of this Complaint as fully as though the same were set forth herein at length.

2.   The aforesaid conduct of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, was violative of the constitutional and civil rights of the plaintiff, Josephine Scheid.

WHEREFORE, plaintiff, Josephine Scheid, demands judgment against the defendants, including those whose names are presently unknown, along

10

with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for damages, together with interest, attorneys fees and costs of suit.

### NINTH COUNT

1.  Plaintiff, Josephine Scheid, hereby incorporates by reference the Seventh and Eighth Counts of this Complaint as fully as though the same were set forth herein at length.

2.  The aforesaid acts of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, were willful, wanton, blatant and/or otherwise evidence disregard for the health, safety, well-being, rights and/or otherwise of the plaintiff, Josephine Scheid, warranting punitive damages.

WHEREFORE, plaintiff, Josephine Scheid, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for punitive damages, together with interest, attorneys fees and costs of suit.

### TENTH COUNT

1.  Plaintiff, Sandra Tarin, hereby incorporates by reference paragraphs 1 - 10, inclusive, of the Facts set forth hereinabove, as fully as though the same were set forth herein at length.

2.  The defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, were, directly and/or vicariously, by and through their agents, servants, employees and/or

11

departments, careless, reckless and negligent in that they failed to properly provide for basic dignity to plaintiff, subjected plaintiff to risk of assault, deprived plaintiff of the opportunity for early release available to male inmates, engaged in activities in which they were not entitled or authorized, subjected plaintiff to cruel and unusual punishment, failed to properly supervise and/or report their co-defendant co-employees, and were otherwise careless, reckless and negligent and/or acting with willful indifference and/or disregard.

3.   As a result of the aforesaid conduct of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, the plaintiff, Sandra Tarin, sustained personal injuries of both a temporary and permanent nature, did suffer, is suffering, and may in the future suffer great upset and nervous shock, has incurred, is incurring and/or may in the future be caused to incur great expense for hospital and/or medical treatment in an effort to rectify said injuries and has been and will be prevented from pursuing her usual activities and occupation and has been otherwise injured and suffered damages.

WHEREFORE, plaintiff, Sandra Tarin, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for damages, together with interest, attorneys fees and costs of suit.

ELEVENTH COUNT

1.   Plaintiff, Sandra Tarin, hereby incorporates by reference the Tenth Count of this Complaint as fully as though the same were set

12

forth herein at length.

2.    The aforesaid conduct of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, was violative of the constitutional and civil rights of the plaintiff, Sandra Tarin.

WHEREFORE, plaintiff, Sandra Tarin, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for damages, together with interest, attorneys fees and costs of suit.

TWELFTH COUNT

1.    Plaintiff, Sandra Tarin, hereby incorporates by reference the Tenth and Eleventh Counts of this Complaint as fully as though the same were set forth herein at length.

2.    The aforesaid acts of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, were willful, wanton, blatant and/or otherwise evidence disregard for the health, safety, well-being, rights and/or otherwise of the plaintiff, Sandra Tarin, warranting punitive damages.

WHEREFORE, plaintiff, Sandra Tarin, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for punitive damages, together with interest, attorneys fees and costs of suit.

13

Dated: May 8, 2022                    THERESA C. GRABOWSKI, ESQUIRE
                                      Attorney for plaintiffs

                                      BY:
                                          THERESA C. GRABOWSKI


        PLEASE TAKE NOTICE that plaintiffs hereby demand a trial by jury
and that, pursuant to Rule 4:25-4, Theresa C. Grabowski is hereby
designated as trial counsel.

Dated: May 8, 2022                    THERESA C. GRABOWSKI, ESQUIRE
                                      Attorney for plaintiffs

                                      BY:
                                          THERESA C. GRABOWSKI

        Pursuant to Rule 4:5-1, I hereby certify that, to the best of my
knowledge and belief, there are no other parties who should or presently
can be joined in this action.  I further certify that no other proceedings
are pending or contemplated with regard to the within action.  The aspects
of Josephine Scheid's presently pending matter under 1:22-cv-58 will be
dismissed, as the same pertain to the matter set forth herein.

        The undersigned further certifies that confidential personal
identifiers have been redacted from documents now submitted to the Court,
and will be redacted from all documents submitted in the future, in accord
with Rule 1:38-7(b).

Dated: May 8, 2022                    THERESA C. GRABOWSKI, ESQUIRE
                                      Attorney for plaintiffs

                                      BY:
                                          THERESA C. GRABOWSKI


                                      14

# EXHIBIT "B"

THOMSON REUTERS
WESTLAW EDGE  ○

15000-...    History    Folders    My links    Notifications                Sign out

All content    Enter terms, citations, databases, questions,            NJ, 3rd Circuit        Search Tips
                                                                                               Advanced

**Evans v. Kaye**

United States District Court, M.D. Pennsylvania.  •  November 19, 2021  •  Slip Copy  •  2021 WL 5416282   (Approx. 14 pages)

Document    Filings (1)    Negative Treatment (0)    History (2)    Citing References (0    Table of Authorities         Fullscreen

Go

Notes

Quick
Check

2021 WL 5416282
Only the Westlaw citation is currently available.
United States District Court, M.D. Pennsylvania.

# Donald Aldrigo EVANS, Plaintiff,
# v.
# Michael KAYE, et al., Defendants.

No. 4:19-CV-01112
Filed 11/19/2021

## Attorneys and Law Firms

Donald Aldrigo Evans, Dallas, PA, Pro Se.

Caleb Curtis Enerson, PA Office of Attorney General, Harrisburg, PA, for Defendants Michael Kaye, C.O. Snyder, Giselle Malet.

### MEMORANDUM OPINION

Matthew W. Brann, Chief United States District Judge

*1 *Pro se* Plaintiff Donald Aldrigo Evans ("Plaintiff"), who is presently incarcerated in the State Correctional Institution-Dallas ("SCI-Dallas"), filed a complaint pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights by SCI-Dallas prison officials. Several Defendants and claims were previously dismissed from the case. The remaining Defendants have moved for summary judgment. For the reasons that follow, the motion will be granted.

### I. BACKGROUND

Plaintiff initiated this case through the filing of a *pro se* complaint under 42 U.S.C. § 1983 on June 28, 2019. [1] The complaint alleged generally that while he was incarcerated in SCI-Dallas on June 28, 2017, the institution was placed on lockdown so that inmates and cells could be searched for contraband. [2] Plaintiff was strip-searched and his cell was searched. [3] The officers conducting the strip search allegedly ordered to Plaintiff to lift his testicles with his hand and subsequently ordered Plaintiff to place his hands in his mouth. [4] The strip search also allegedly occurred in front of female corrections officers. [5] Plaintiff allegedly implored Defendant Michael

Kaye ("Kaye")—who was the manager of Plaintiff's housing block at the time of the search—to intervene to stop the search, but Kaye did not do so. [6]

Several items of Plaintiff's personal property were allegedly destroyed or confiscated during the June 28, 2017 search, including a back brace, a bible, and legal documents. [7] Plaintiff allegedly filed grievances about this incident and requested to speak with Defendant Kaye about it. [8] Kaye and Plaintiff discussed the cell search and Kaye allowed Plaintiff to view the prison log book, but the officers who searched the cell could not be identified from the information in the log book. [9] Plaintiff alleged that the officers who conducted the search should have initialed or signed the log book and that their failure to do so violated DOC policy. [10] During this conversation, Kaye allegedly apologized to Plaintiff and stated that he would try to replace some of the lost items, but that Plaintiff's grievances would be denied because there was no way to determine which officers had searched Plaintiff's cell. [11]

Plaintiff's complaint also alleged various mail issues at SCI-Dallas that occurred in or around July 20, 2018, which began with some of his mail being confiscated. [12] Plaintiff allegedly contacted the superintendent's secretary, Roxanne Florek, to file an inmate request about mail confiscation. [13] Despite Plaintiff explaining why he wanted the confiscated mail, the mail room apparently stated that his reasons were not legitimate. [14] Plaintiff then filed a grievance regarding this incident, and Superintendent Mahally responded to it and said that Plaintiff was allowed to receive his mail. [15] The mail, however, was never delivered to Plaintiff. [16] Plaintiff filed an inmate request to staff regarding the mail, to which Defendant Giselle Malet replied. She informed Plaintiff that due to a new policy change, all mail would be processed through third-party contractor Smart Communications and would then be forwarded to the inmate. [17] Plaintiff alleges that the mail was never delivered to him and was never returned to sender. [18]

*2 Plaintiff also complained about the confiscation of legal documents mailed to him. Specifically, Plaintiff alleged that his sibling mailed him approximately thirty-two pages of legal documents needed for Plaintiff's then-pending case under the Pennsylvania Post-Conviction Relief Act ("PCRA"). [19] Plaintiff alleged that SCI-Dallas confiscated these documents and that Plaintiff was not able to obtain them. [20] Another incident allegedly occurred on or around April 7, 2019, when legal mail sent by Plaintiff's PCRA counsel was not received by Plaintiff. [21] According to Plaintiff, his attorney contacted DOC representatives from Harrisburg and SCI-Dallas, who told the attorney that Plaintiff should have received the legal mail, and that it was unclear why he had not. [22]

In addition, Plaintiff alleged that Defendant Snyder retaliated against him through several incidents on or around April 8, 2019 and April 9, 2019. [23] Plaintiff alleged that Snyder almost slammed Plaintiff's cell door on his fingers, interfered with Plaintiff's attempts to make phone calls, and prevented Plaintiff from going to the commissary on at least one occasion. [24] Snyder also allegedly told Plaintiff that he could misrepresent facts in reports or otherwise falsify reports to send inmates to the restricted housing unit. [25] Finally, on one occasion when Plaintiff was talking on the phone, Snyder allegedly said to him "loose lips sink ships," which Plaintiff perceived as a threat of physical violence. [26]

Plaintiff's complaint raised several claims for relief. First, Plaintiff alleged that Kaye and the corrections officers who had conducted the strip search—who were named in the complaint as John Doe Defendants—violated his right to be free from unreasonable searches and seizures under the Fourth Amendment, his right to be free from cruel and unusual punishment in violation of the Eighth Amendment, and his right to due process under the Fourteenth Amendment. [27] Second, Plaintiff alleged that Smart Communications, Mahally, Florek, Malet, and Ransome violated his rights under the Eighth and Fourteenth Amendments by withholding his mail from him. [28] Third, Plaintiff alleged that Snyder retaliated against him in violation of the First, Eighth, and Fourteenth Amendments and that Defendant Ransome allowed the retaliation to occur. [29] Fourth, Plaintiff alleged that Defendant Wetzel, the secretary of the DOC, was responsible for the actions of the other Defendants. [30] Fifth, Plaintiff alleged that Defendant Mahally was responsible for the other Defendants' actions. [31]

Defendants moved to dismiss the complaint on September 13, 2019, [32] and I granted the motion to dismiss in part through a memorandum and order on November 27, 2020. [33] I dismissed all claims against Defendants Wetzel, Mahally, Ransome, and Florek for Plaintiff's failure to allege their personal involvement in the alleged violations of his constitutional rights. [34] I also dismissed Plaintiff's access to courts claim based on Plaintiff's failure to allege an actual injury to his access to the courts. [35] Finally, I dismissed Plaintiff's complaint to the extent that it attempted to raise Fourth Amendment or Fourteenth Amendment claims based on the allegedly unlawful strip search and search of his cell. [36] The case accordingly proceeded to discovery as to (1) Plaintiff's Eighth Amendment claims against Kaye and the John Doe Defendants arising from the allegedly unlawful searches; (2) Plaintiff's claims against Smart Communications and Malet arising from the alleged mishandling of his mail; and (3) Plaintiff's retaliation claims against Defendant Snyder.

*3 The remaining named Defendants other than Smart Communications answered the complaint on December 18, 2020. [37] Defendants then filed the instant motion for summary judgment on June 16, 2021, after discovery had closed. [38] Defendants filed a brief in support of the motion and an accompanying statement of material facts on June 16, 2021. [39] Plaintiff opposed the motion and filed his own statement of material facts on July 1, 2021. [40] Plaintiff's statement of material facts does not directly respond to Defendant's statement and instead provides his own narrative of the relevant facts. [41] Plaintiff additionally filed a declaration to support his opposition to the motion for summary judgment. [42] Defendants filed a reply brief in support of the motion on July 8, 2021, making the motion ripe for the court's disposition. [43]

II. STANDARD OF REVIEW

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." [44] "Facts that could alter the outcome are 'material facts,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." [45] "A defendant meets this standard when there is an absence of evidence that rationally supports the plaintiff's case." [46] "A plaintiff, on the other hand, must point to admissible evidence that would be sufficient to show all elements of a prima facie case under applicable substantive law." [47]

Notes

Quick
Check

"The inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits." [48] Thus, "if the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on a lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." [49] "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." [50] "The judge's inquiry, therefore unavoidably asks ... 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.' " [51] The evidentiary record at trial, by rule, will typically never surpass that which was compiled during the course of discovery.

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." [52] "Regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." [53]

*4 Where the movant properly supports his motion, the nonmoving party, to avoid summary judgment, must answer by setting forth "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." [54] For movants and nonmovants alike, the assertion "that a fact cannot be or is genuinely disputed" must be supported by: (i) "citing to particular parts of materials in the record" that go beyond "mere allegations"; (ii) "showing that the materials cited do not establish the absence or presence of a genuine dispute"; or (iii) "showing ... that an adverse party cannot produce admissible evidence to support the fact." [55]

"When opposing summary judgment, the non-movant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.' " [56] Moreover, "if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may ... consider the fact undisputed for purposes of the motion." [57] On a motion for summary judgment, "the court need consider only the cited materials, but it may consider other materials in the record." [58]

Finally, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." [59] "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." [60] "If the evidence is merely colorable ... or is not significantly probative, summary judgment may be granted." [61]

III. PRELIMINARY MATTERS

Before addressing the merits of Defendants' motion for summary judgment, I will address several preliminary matters with respect to Plaintiff's claims against Smart Communications, Plaintiff's claims against the John Doe Defendants, and Defendants' statement of material facts.

### A. All Claims Against Smart Communications Will Be Dismissed

I will first address Plaintiff's claims against Smart Communications, which has not been served with process and accordingly has not joined in the instant motion for summary judgment. I have screened Plaintiff's claims against Smart Communications pursuant to 28 U.S.C. § 1915(e)(2) and I conclude that the complaint fails to state a claim upon which relief may be granted against Smart Communications.[62] The only factual allegation in the complaint pertaining to Smart Communications is that defendants told Plaintiff that the DOC's new mail policy required mail to first be sent to Smart Communications before being sent to the appropriate inmate.[63] There is no allegation that Smart Communications actually handled any of Plaintiff's mail, nor is there any allegation that Smart Communications violated Plaintiff's civil rights in any way. Accordingly, I will dismiss the claims against Smart Communications. I will not grant leave to amend as to these claims because amendment would be futile given the absence of any allegation that Smart Communications actually handled any of Plaintiff's mail.

### B. The John Doe Defendants Will Be Dismissed

*5 Plaintiff has named two John Doe Defendants who allegedly conducted the search of his cell and the strip search. I will dismiss the two John Doe Defendants because Plaintiff has not identified them and the deadlines for discovery and amendment of pleadings have expired.[64]

### C. Defendants' Statement of Material Facts Will Be Admitted

Local Rule 56.1 requires a party moving for summary judgment to submit "a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried."[65] The non-movant must file a statement in response to the movant's statement that responds to the numbered paragraphs in the movant's statement and sets forth which paragraphs present a genuine issue of material fact.[66] Any facts that are set forth in the movant's statement that are not contradicted by the non-movant's statement are "deemed to be admitted."[67]

In this case, Defendants filed a statement of material facts as required by Local Rule 56.1, but Plaintiff did not respond to Defendants' statement and instead filed his own independent statement of material facts. Because Plaintiff has failed to respond to Defendants' statement, the facts in the statement are deemed admitted.[68] Additionally, the Court will disregard Plaintiff's statement of material facts because Local Rule 56.1 "does not permit a non-moving party to file an additional statement of material facts that does not respond to the moving party's statement."[69]

### IV. MATERIAL FACTS

Having resolved all preliminary matters, I turn my attention to the facts that are material to the instant motion for summary judgment. As noted above, the facts stated in Defendants' statement of material facts are deemed admitted based on Plaintiff's failure to comply with Local Rule 56.1. Where appropriate, I will also cite to Plaintiff's complaint and Defendants' answer to the complaint.

*6 On June 28, 2017, Plaintiff and all other inmates in his cellblock were subjected to a strip search and cell search pursuant to an annual routine to remove contraband from the prison.[70]

Notes

Quick
Check

During this search, Plaintiff was forced to lift his testicles with his hand and was subsequently forced to put his hand in his mouth in order to hold his mouth open as part of the search. [71] The strip search occurred in front of other people, including female corrections officers. [72]

Sometime around July 20, 2018, Plaintiff's mail was confiscated. [73] Plaintiff grieved this confiscation, and Defendant Mahally subsequently ruled that Plaintiff was entitled to receive his mail. [74] Nevertheless, Plaintiff's mail was never delivered to him. [75] Plaintiff sent an inquiry to the Superintendent's office as to why his mail had not been delivered, and Defendant Malet responded that he could no longer receive the mail due to the DOC's new policy of first routing mail through Smart Communication before sending it to the appropriate inmate. [76]

On or around April 8, 2019 or April 9, 2019, Defendant Snyder slammed the door of Plaintiff's cell shut, which almost injured Plaintiff's hand. [77] Around the same time, Defendant Snyder refused to allow Plaintiff to use the phone on one occasion and prevented Plaintiff from receiving commissary items on one occasion. [78] Plaintiff was able to use the phone and receive commissary items either on the same day as those incidents or the next day. [79] Plaintiff did not suffer any physical injuries as a result of Defendants' actions. [80]

## V. ANALYSIS

Plaintiff's constitutional claims are brought under 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*7 42 U.S.C. § 1983.

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law." [81] "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.' " [82] I will analyze Plaintiff's § 1983 claims *seriatim*.

### A. Eighth Amendment Claim Against Defendant Kaye

Plaintiff's Eighth Amendment claim against Defendant Kaye arises from Kaye's alleged failure to intervene when the John Doe correctional officers strip searched Plaintiff in front of other people, forced Plaintiff to lift his testicles with his hand, and subsequently forced Plaintiff to put his hand in his mouth. It is undisputed that the officers who conducted the search had a legitimate penological purpose of rooting out contraband when they conducted the search, but Plaintiff asserts that the manner in which the search was conducted was unconstitutional.

Strip searches may violate the Eighth Amendment if they are conducted in an unreasonable manner. [83] In determining whether a strip search is constitutional, courts should balance the

prison's interest in safety and security against the prisoner's interest in being free from unreasonable searches and seizures. [84]

Having reviewed the material facts and the parties' respective briefing on this issue, I conclude that Defendant Kaye is entitled to summary judgment. The fact that female officers were present during the search does not violate the Constitution. [85] As for the fact that Plaintiff was forced to place his hand in his mouth shortly after placing his hand on his testicles, I note that several courts in this circuit have concluded that strip searches conducted in such a manner do not violate the Constitution. For example, in *Brown v. Blaine*, the Third Circuit upheld the constitutionality of a strip search in which the prisoner plaintiff was "required to sweep his mouth with his finger after he had been directed to touch his genitals." [86] More recent cases in this District have reached a similar conclusion. [87] I agree with the reasoning of these jurists and find that the search in this case did not violate the Constitution as a matter of law. Having reached that conclusion, it is unnecessary for me to address Kaye's alleged failure to intervene in the search, as Kaye's alleged failure to intervene could not have violated the Constitution given that the underlying search itself was constitutional. Accordingly, I will grant Kaye's request for summary judgment.

### B. Claims Against Defendant Malet

[*8] I next consider Defendant Malet's summary judgment request. Plaintiff's claims against Malet arise from the confiscation of Plaintiff's mail. Defendants argue that Malet is entitled to summary judgment because she was not personally involved in the alleged violations of Plaintiff's rights and because Plaintiff cannot establish that she violated his rights. [88] Plaintiff argues to the contrary that he sent a complaint to Malet regarding the confiscation of his mail and Malet responded that Plaintiff had not provided sufficient justification for receiving the mail. [89] Plaintiff asserts that even after Defendant Mahally ordered the release of the mail, Malet still refused to give Plaintiff his mail. [90] Plaintiff also asserts that Malet confiscated the 32 pages of legal documents that he needed to litigate his PCRA case. [91]

I conclude that Malet is entitled to summary judgment because there is no indication that she was personally involved in the alleged violations of Plaintiff's rights. A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. [92] Here, the only factual allegation against Malet is that she informed Plaintiff that pursuant to the new mail policy mail would first be routed to Smart Communications before being sent to the appropriate inmate. [93] This allegation, even if proven, is insufficient to establish Malet's personal involvement in any violation of Plaintiff's rights. Furthermore, although Plaintiff asserts in his brief that Malet refused to release Plaintiff's mail and personally confiscated the 32 pages of Plaintiff's PCRA documents, this assertion is belied by the allegations in Plaintiff's complaint, which attribute these actions to Florek and not to Malet. [94] Plaintiff has never attempted to amend his complaint to raise these allegations against Malet, and he cannot do so through a brief in opposition to the motion for summary judgment. [95] Accordingly, I will grant Malet summary judgment.

### C. Retaliation Claim Against Defendant Snyder

Turning to Plaintiff's retaliation claim against Defendant Snyder, a plaintiff bringing a retaliation claim under 42 U.S.C. § 1983 must establish that (1) he engaged in constitutionally protected conduct; (2) the defendant took retaliatory action against the plaintiff that was sufficient to

Notes

Quick
Check

deter a person of ordinary firmness from exercising his constitutional rights; and (3) there was a causal connection between the plaintiff's protected conduct and the defendant's retaliatory action.[96] Causation may be established by showing either an unusually suggestive temporal proximity between the plaintiff's protected conduct and the defendant's allegedly retaliatory action or a pattern of antagonism coupled with timing.[97] Causation may also be implied by "the record as a whole."[98]

In this case, Defendants argue that Snyder is entitled to summary judgment because the allegedly retaliatory actions that he took against Plaintiff were not sufficiently adverse to support a retaliation claim and because Plaintiff cannot establish causation between his protected conduct and Snyder's alleged retaliation.[99] Defendants also argue that Snyder is entitled to qualified immunity.[100] Plaintiff counters that Snyder's actions were sufficiently adverse to support a retaliation claim.[101] He does not address Defendants' causation or qualified immunity arguments.

*9 Having reviewed the relevant facts and the parties' respective arguments, I will grant Defendant Snyder's request for summary judgment because Plaintiff has not shown that there is any evidence to support a causal link between his actions and Snyder's allegedly retaliatory acts. Although Plaintiff alleges several improper and potentially harmful actions by Snyder, he does not proffer any evidence to show that Snyder took those actions because of Plaintiff's constitutionally protected activity. I will accordingly grant Snyder summary judgment.[102]

## VI. CONCLUSION

For the foregoing reasons, the motion for summary judgment will be granted.

An appropriate Order follows.

## All Citations

Slip Copy, 2021 WL 5416282

### Footnotes

| 1 | Doc. 1. |
|---|---|
| 2 | *Id.* at 18. |
| 3 | *Id.* |
| 4 | *Id.* |
| 5 | *Id.* |
| 6 | *Id.* |
| 7 | *Id.* at 22-23. |
| 8 | *Id.* at 19. |

9        *Id.* at 20.

10       *Id.*

11       *Id.* at 21.

12       *Id.* at 24.

13       *Id.*

14       *Id.* at 25.

15       *Id.* at 25-26.

16       *Id.* at 26.

17       *Id.*

18       *Id.* at 27-28.

19       *Id.*

20       *Id.* at 28-29.

21       *Id.* at 35.

22       *Id.* at 35-36.

23       *Id.* at 30.

24       *Id.* at 30-33.

25       *Id.* at 33.

26       *Id.*

27       *Id.* at 23-24, 38-41.

28       *Id.* at 27, 35, 42-43.

29       *Id.* at 30-34, 39-40, 44.

30       *Id.* at 37.

31       *Id.* at 38.

32       Doc. 13.

33       Docs. 20-21.

34       Doc. 20 at 8.

35       *Id.* at 10.

36       *Id.* at 10-11.

37    Doc. 22. Smart Communications has never been served with process and accordingly has not responded to the complaint.

38    Doc. 30.

39    Docs. 31-32.

40    Docs. 35-36.

41    *See* Doc. 36.

42    Doc. 37.

43    Doc. 38.

44    Fed. R. Civ. P. 56(a).

45    *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993) (Hutchinson, J.) (first citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); and then citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

46    *Clark*, 9 F.3d at 326.

47    *Id.*

48    *Anderson*, 477 U.S. at 252.

49    *Id.*

50    *Id.*

51    *Id.* (quoting *Schuylkill & Dauphin Imp. Co. v. Munson*, 81 U.S. 442, 447 (1871)).

52    *Celotex*, 477 U.S. at 323 (internal quotations omitted).

53    *Id.*

54    *Anderson*, 477 U.S. at 250.

55    Fed. R. Civ. P. 56(c)(1).

56    *Port Auth. of N.Y. & N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2003).

57    Fed. R. Civ. P. 56(e)(2).

58    Fed. R. Civ. P. 56(c)(3).

59    *Anderson*, 477 U.S. at 249.

60    *Id.*

61    *Id.* at 249-50 (internal citations omitted).

62    28 U.S.C. § 1915(e)(2) provides, in relevant part, that district courts should screen complaints brought *in forma pauperis* and dismiss them "at any time" if they fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

63    *See* Doc. 1 at 26.

Notes

Quick
Check

64   *See, e.g., Graham-Smith v. City of Wilkes-Barre*, No. 3:17-CV-00239, 2020 WL 9607112, at *5 (M.D. Pa. Feb. 26, 2020) ("[I]f a plaintiff fails to amend a complaint to identify unnamed John Doe defendants, a court may *sua sponte* dismiss those defendants prior to ruling on a summary judgment motion.") (citing *King v. Mansfield Univ. of Pa.*, No. 1:11-CV-01112, 2014 WL 4546524, at *10 (M.D. Pa. Sept. 12, 2014)), *report and recommendation adopted*, No. 3:17-CV-00239, 2021 WL 2020591, at *11 (M.D. Pa. May 19, 2021); *Millbrook v. United States*, 8 F. Supp. 3d 601, 609 (M.D. Pa. Mar. 25, 2014) ("John/Jane Doe defendants may only be allowed 'to stand in for the alleged real parties until discovery permits the intended defendants to be installed.' ") (quoting *Johnson v. City of Erie*, 834 F. Supp. 873, 878 (W.D. Pa. 1993)).

65   M.D. Pa. L.R. 56.1.

66   *Id.*

67   *Id.*

68   *See id.* ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."); *Landmesser v. Hazleton Area Sch. Dist.*, 982 F. Supp. 2d 408, 413 (M.D. Pa. 2013) (deeming facts admitted under Local Rule 56.1); *see also Conn v. Bull*, 307 F. App'x 631, 633 (3d Cir. 2009) (upholding district court's decision to deem facts admitted under Local Rule 56.1.)

69   *Holt v. Pennsylvania*, No. 1:18-CV-02448, 2021 WL 3511104, at *4 (M.D. Pa. Aug. 10, 2021); *accord Farmer v. Decker*, 353 F. Supp. 3d 342, 347 n.1 (M.D. Pa. 2018); *Barber v. Subway*, 131 F. Supp. 3d 321, 322 n.1 (M.D. Pa. 2015).

70   Doc. 32 ¶ 2.

71   *Id.* ¶ 3.

72   *Id.*

73   Doc. 1 ¶ 47; Doc. 22 ¶ 47. In their answer, Defendants contend that "the claims pertaining to confiscation of Plaintiff's mail were dismissed." Doc. 22 ¶ 47. This is incorrect. In my opinion addressing Defendants' motion to dismiss, I dismissed (1) all claims against Defendants Wetzel, Mahally, Ransome, and Florek; (2) Plaintiff's access to courts claim; and (3) all claims attempting to raise Fourth Amendment or Fourteenth Amendment claims based on the allegedly unlawful strip search and search of Plaintiff's cell. *See* Doc. 20. The opinion did not address the claims arising from the confiscation of Plaintiff's mail, except to the extent that it dismissed the claims against Wetzel, Mahally, Ransome, and Florek. The claims against the other defendants named in the mail confiscation claim—Smart Communications and Malet— survived the court's opinion. Thus, because Defendants failed to properly address the allegation in Paragraph 47 of the complaint, the allegation is deemed admitted.

74   Doc. 1 ¶ 56; Doc. 22 ¶ 56.

75   Doc. 1 ¶ 57; Doc. 22 ¶ 57. Defendants state that they are without sufficient knowledge to admit or deny this allegation, but given Defendants' subsequent statements to Plaintiff that the mail would have to be sent through Smart Communications before it could be delivered to Plaintiff, it is reasonable to infer that the mail was never delivered to Plaintiff, and at this stage of litigation, all reasonable inferences must be made in Plaintiff's favor as the non-movant. *See, e.g., Scott v. Harris*, 550 U.S. 372, 378 (2007).

76   Doc. 1 ¶¶ 60-61; Doc. 32 ¶ 5.

77   Doc. 32 ¶ 6.

78   *Id.* ¶¶ 7-8.

79   *Id.*

80      *Id.* ¶ 9.

81      *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).

82      *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841
        n.5 (1998)).

83      *See, e.g., Watson v. Sec'y, Pa. Dep't of Corr.*, 436 F. App'x 131, 136 (3d Cir. 2011).

84      *See Florence v. Bd. of Chosen Freeholders of the Cty. of Burlington*, 566 U.S. 318, 327 (2012); *Bell v. Wolfish*,
        441 U.S. 520, 559 (1979); *Small v. Wetzel*, 528 F. App'x 202, 207 (3d Cir. 2013).

85      *Small*, 528 F. App'x at 206.

86      185 F. App'x 166, 167-68, 170 (3d Cir. 2006).

87      *See Ashford v. Francisco*, No. 1:19-CV-01365, 2019 WL 4687162, at *1, 4 (M.D. Pa. Sept. 26, 2019) (upholding
        constitutionality of strip search where plaintiff was forced to "lift his genitals, bend over, cough, and lift
        his bottom and upper lips"); *Miller v. Trometter*, No. 4:11-CV-00811, 2012 WL 5933015, at *2, 16 (M.D. Pa.
        Nov. 27, 2012) (upholding constitutionality of strip search where plaintiff "was forced to place his fingers
        in his mouth, for a visual inspection thereof, after ... having touched, *inter alia*, his penis and buttocks as
        part of the search").

88      Doc. 31 at 8-10.

89      Doc. 35 at 7.

90      *Id.* at 8.

91      *Id.* at 9.

92      *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 289 (3d Cir. 2018).

93      *See* Doc. 1 at 26.

94      *See* Doc. 1 at 24-25.

95      *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that a complaint must give defendant fair
        notice of the claims against the defendant); *Bell v. City of Philadelphia*, 275 F. App'x 157, 160 (3d Cir. 2008)
        ("A plaintiff 'may not amend his complaint through arguments in his brief in opposition to a motion for
        summary judgment' " (quoting *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996))); *accord
        Cicchiello v. Beard*, 726 F. Supp. 2d 522, 533 (M.D. Pa. 2010).

96      *Javitz v. Cty. of Luzerne*, 940 F.3d 858, 863 (3d Cir. 2019).

97      *Dondero v. Lower Milford Twp.*, 5 F.4th 355, 361-62 (3d Cir. 2021) (citing *Lauren W. ex rel. Jean W. v.
        DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007)).

98      *Id.* (citing *DeFlaminis*, 480 F.3d at 267).

99      Doc. 31 at 11-13.

100     *Id.*

101     Doc. 35 at 11-13.

102     Because I have determined that all remaining Defendants will either be dismissed from the case or
        granted summary judgment, I will not address Defendants' remaining argument that Plaintiff is not



entitled to compensatory damages.

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

Contact us • Live chat • Training and support • Improve Westlaw Edge • Transfer My Data • Pricing guide • Sign out  THOMSON REUTERS

1-800-REF-ATTY (1-800-733-2889)

Westlaw Edge. © 2022 Thomson Reuters   Accessibility • Privacy • Supplier terms   *Thomson Reuters is not providing professional advice*

Notes

Quick
Check