# EXHIBIT "A"
# Part 8 of 9

**THERESA C. GRABOWSKI, ESQUIRE**
Attorney ID # 026111986
One Eves Drive, Suite 111
Marlton, New Jersey 08053
856.547.7776
tcg908@yahoo.com
Attorney for plaintiffs

| | |
|---|---|
| DANA GILROY, SUSAN KUSEK, JOSEPHINE SCHEID and SANDRA TARIN,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT NOLAN; WARDEN OF THE CAPE MAY COUNTY CORRECTIONAL FACILITY; CAPE MAY COUNTY (directly and/or by and through its departments, the Sheriff's Office and/or the Correctional Facility); DARLENE ASENCIO-PEREZ; AMY NIELSON; A. NIELSEN; JOHN DOE(S) 1 - 5, a fictitious name(s); JOHN DOES 6 - 40, a fictitious name(s), individually, jointly, severally and/or in the alternative,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAPE MAY COUNTY<br>Docket Number CPM-L-153-22<br><br>Civil Action<br><br>FIRST AMENDED COMPLAINT |

Plaintiffs, Dana Gilroy (presently residing in Cape May County); Susan Kusek (presently residing in Burlington County), Josephine Scheid (presently residing in Bradenton, Florida) and Sandra Tarin (presently residing in Cape May County), by way of Complaint against the defendants, Robert Nolan; the Warden of the Cape May County Correctional Facility; Cape May County (directly and/or by and through its departments, the Sheriff's Office and/or the Correctional Facility); Darlene Asencio-Perez; Amy Nielson; A. Nielsen; John Doe(s) 1 - 5, a fictitious name(s); and John Doe(s) 6 - 40, a fictitious name(s);

individually, jointly, severally and/or in the alternative, say:

PROCEDURAL STATEMENT

Plaintiff, Josephine Scheid, originally filed her Complaint in this regard in Federal Court on or about January 5, 2022. Pursuant to a conference held on or about April 22, 2022, the aspects of Josephine's aforesaid Complaint regarding the conditions and conduct at the Cape May County Correctional Facility were to be severed and the subject of a separate Complaint. The additional plaintiffs recently retained counsel. As at least one plaintiff is homeless and with limited access, particularly outside Cape May County, the plaintiffs now rely upon the remedies available to them in State Court in Cape May County.

In accord with the August 31, 2022 Order of the Court, copy of which is attached hereto and made part hereof as Exhibit "A", this First Amended Complaint is being filed to more specifically set forth the Constitutional Violations. This First Amended Complaint should also not be interpreted as asserting any claim of negligence that would be precluded by the lack of filing of a notice pursuant to the Tort Claims Act, as noted in the aforesaid August 31, 2022 Order, although plaintiffs reserve the right to appeal the dismissal of such claims, despite the same not being at issue herein.

As also noted in the August 31, 2022 Order of the Court, the defendants were to provide the full legal name and address of the individually named defendants determined thus far. The names of Darlene Asencio-Perez and Amy Nielson were provided. As defendants have insisted that the surname "Nielsen" was misspelled by plaintiffs in their original Complaint, notwithstanding the documentation of the

defendants repeatedly reflecting "A. Nielsen" (copy of which is attached hereto and made part hereof), both names are being set forth in this First Amended Complaint, as contemplated hereinbelow in paragraphs 8 and 9 of the Facts portion of this First Amended Complaint, pending certain resolution of this issue.

FACTS

1. The plaintiffs, Dana Gilroy, Susan Kusek, Josephine Scheid and Sandra Tarin, were all detainees at the Cape May County Correctional Facility in or about May, 2020.

2. While detained at the Cape May County Correctional Facility, the rights of the plaintiffs were persistently violated. By way of example, but not limitation, on or about May 9, 2020, the plaintiffs, Dana Gilroy, Susan Kusek, Josephine Scheid and Sandra Tarin, were seated at a table in general population. There was an exchange between inmates. The entire table, including each plaintiff, was then baselessly subjected to a strip search - simply because they had been seated at the same table. Each plaintiff was compelled to strip naked, in full view of other inmates and in the presence of female and male correctional officers, including bending over and fully turning around. The fact that the correctional officers knew their conduct was unlawful was reflected in the statement of one to Josephine: "I hope you get a lawyer and sue them".

3. Plaintiffs were subjected to disciplinary charges which were signed against them by defendants Darlene Asencio-Perez and/or Amy Nielson and/or A. Nielsen, which charges were later proven to be false by the review of the facility's video, and therefore dismissed with a

finding of "not guilty". Plaintiffs were also subjected to other unwarranted disciplinary charges (i.e.: a claim of being wrongfully in possession of a weapon (an ink pen) and wearing inappropriate attire (that had been properly purchased in the commissary of the Cape May County Correctional Facility)), only to be later found to be not guilty.

4. Plaintiff, Josephine Scheid, was also subjected to further harm while in the Cape May County Correctional Facility. Another incident resulted when, despite Josephine's advisement to prison personnel that she had limited use of her left arm due to her cardiac condition and implanted pacemaker/defibrillator, prison staff forced her to clean. At one such time, she experienced severe pain, but was not provided with any treatment. On October 29, 2021, plaintiff, Josephine Scheid had to have heart surgery, which resulted in the advisement by Josephine's physician that one of the device leads for her heart had been damaged, apparently in the aforesaid incident.

5. Plaintiffs, Dana Gilroy, Susan Kusek and Sandra Tarin, were also deprived of the ability to work within the facility to reduce time from their sentences, although such ability was provided to the male detainees.

6. The defendant(s), Robert Nolan, as Sheriff of Cape May County, and/or the Warden of the Cape May County Correctional Facility, had obligation(s) of supervision, training and/or prevention of conduct such as that leading to the outrageous harm inflicted upon the plaintiffs.

7. The defendant, Cape May County (directly and/or by and through its departments, the Sheriff's Office and/or the Correctional

Facility and/or the employees of said departments) had obligation(s) of supervision, training and/or prevention of conduct such as that leading to the outrageous harm inflicted upon the plaintiffs.

8. The defendants, John Doe(s) 1 - 5, a fictitious name(s), are the proper names for any and all defendants pled herein, in the event that any such defendant is pled under an incorrect spelling, designation or capacity.

9. The defendants, John Doe(s) 6 - 40, a fictitious name(s), are the names of potential additional defendants of which plaintiffs have not yet been advised or able to determine.

10. This matter involves not only violations of common law, but rights secured to the plaintiffs by the Constitution of the State of New Jersey and any and all Amendments thereto; the New Jersey Law Against Discrimination and/or Civil Rights Act. This matter also involves violations of the New Jersey Administrative Code (including, but not limited to, N.J.A.C. §10A:3-5.7) and the Prison Rape Elimination Act; and any and all other applicable laws also establishing the liabilities of the defendant(s).

11. More specifically, the rights violated, as established in the New Jersey State Constitution adopted in 1947, include, but are not limited to, those embodied in Article I, paragraphs 1, 5, 7, 12 and/or 21. By way of illustration, and not limitation, but to further clarify for the defendants in accord with the aforesaid August 31, 2022 Order of the Court: Paragraph 1 reflects the issue(s) of safety the conduct of the defendant(s) violated; Paragraph 5 reflects that no person shall be discriminated against; Paragraph 7 reflects that there shall be no

unreasonable search and seizure; Paragraph 12 prohibits the infliction of cruel ad unusual punishment; and Paragraph 21 provides that the enumeration of rights and privileges shall not be construed to impair or deny other rights.

FIRST COUNT

1. Plaintiff, Dana Gilroy, hereby incorporates by reference paragraphs 1 - 11, inclusive, of the Facts set forth hereinabove, as fully as though the same were set forth herein at length.

2. The defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, were, directly and/or vicariously, by and through their agents, servants, employees and/or departments, careless, reckless and negligent in that they failed to properly provide for basic dignity to plaintiff, subjected plaintiff to risk of assault, deprived plaintiff of the opportunity for early release available to male inmates, engaged in activities in which they were not entitled or authorized, subjected plaintiff to cruel and unusual punishment, failed to properly supervise and/or report their co-defendant co-employees, and were otherwise careless, reckless and negligent and/or acting with willful indifference and/or disregard.

3. As a result of the aforesaid conduct of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, the plaintiff, Dana Gilroy, sustained personal injuries of both a temporary and permanent nature, did suffer, is suffering, and may in the future suffer great upset and nervous shock,

has incurred, is incurring and/or may in the future be caused to incur great expense for hospital and/or medical treatment in an effort to rectify said injuries and has been and will be prevented from pursuing her usual activities and occupation and has been otherwise injured and suffered damages.

WHEREFORE, plaintiff, Dana Gilroy, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for damages, together with interest, attorneys fees and costs of suit.

SECOND COUNT

1. Plaintiff, Dana Gilroy, hereby incorporates by reference the First Count of this Complaint as fully as though the same were set forth herein at length.

2. The aforesaid conduct of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, was violative of the constitutional and civil rights of the plaintiff, Dana Gilroy.

WHEREFORE, plaintiff, Dana Gilroy, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for damages, together with interest, attorneys fees and costs of suit.

THIRD COUNT

1. Plaintiff, Dana Gilroy, hereby incorporates by reference

the First and Second Counts of this Complaint as fully as though the same were set forth herein at length.

2. The aforesaid acts of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, were willful, wanton, blatant and/or otherwise evidence disregard for the health, safety, well-being, rights and/or otherwise of the plaintiff, Dana Gilroy, warranting punitive damages.

WHEREFORE, plaintiff, Dana Gilroy, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for punitive damages, together with interest, attorneys fees and costs of suit.

FOURTH COUNT

1. Plaintiff, Susan Kusek, hereby incorporates by reference paragraphs 1 - 11, inclusive, of the Facts set forth hereinabove, as fully as though the same were set forth herein at length.

2. The defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, were, directly and/or vicariously, by and through their agents, servants, employees and/or departments, careless, reckless and negligent in that they failed to properly provide for basic dignity to plaintiff, subjected plaintiff to risk of assault, deprived plaintiff of the opportunity for early release available to male inmates, engaged in activities in which they were not entitled or authorized, subjected plaintiff to cruel and

unusual punishment, failed to properly supervise and/or report their co-defendant co-employees, and were otherwise careless, reckless and negligent and/or acting with willful indifference and/or disregard.

3. As a result of the aforesaid conduct of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, the plaintiff, Susan Kusek, sustained personal injuries of both a temporary and permanent nature, did suffer, is suffering, and may in the future suffer great upset and nervous shock, has incurred, is incurring and/or may in the future be caused to incur great expense for hospital and/or medical treatment in an effort to rectify said injuries and has been and will be prevented from pursuing her usual activities and occupation and has been otherwise injured and suffered damages.

WHEREFORE, plaintiff, Susan Kusek, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for damages, together with interest, attorneys fees and costs of suit.

FIFTH COUNT

1. Plaintiff, Susan Kusek, hereby incorporates by reference the Fourth Count of this Complaint as fully as though the same were set forth herein at length.

2. The aforesaid conduct of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May

County, was violative of the constitutional and civil rights of the plaintiff, Susan Kusek.

WHEREFORE, plaintiff, Susan Kusek, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for damages, together with interest, attorneys fees and costs of suit.

FIFTH COUNT

1. Plaintiff, Susan Kusek, hereby incorporates by reference the Third and Fourth Counts of this Complaint as fully as though the same were set forth herein at length.

2. The aforesaid acts of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, were willful, wanton, blatant and/or otherwise evidence disregard for the health, safety, well-being, rights and/or otherwise of the plaintiff, Susan Kusek, warranting punitive damages.

WHEREFORE, plaintiff, Susan Kusek, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for punitive damages, together with interest, attorneys fees and costs of suit.

SEVENTH COUNT

1. Plaintiff, Josephine Scheid, hereby incorporates by reference paragraphs 1 - 11, inclusive, of the Facts set forth hereinabove, as fully as though the same were set forth herein at

length.

2. The defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, were, directly and/or vicariously, by and through their agents, servants, employees and/or departments, careless, reckless and negligent in that they failed to properly provide for basic dignity to plaintiff, subjected plaintiff to risk of assault, subjected plaintiff to forced labor, disregarded plaintiff's disability, engaged in activities in which they were not entitled or authorized, subjected plaintiff to cruel and unusual punishment, failed to properly supervise and/or report their co-defendant co-employees, and were otherwise careless, reckless and negligent and/or acting with willful indifference and/or disregard.

3. As a result of the aforesaid conduct of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, the plaintiff, Josephine Scheid, sustained personal injuries of both a temporary and permanent nature, did suffer, is suffering, and may in the future suffer great upset and nervous shock, has incurred, is incurring and/or may in the future be caused to incur great expense for hospital and/or medical treatment in an effort to rectify said injuries and has been and will be prevented from pursuing her usual activities and occupation and has been otherwise injured and suffered damages.

WHEREFORE, plaintiff, Josephine Scheid, demands judgment against the defendants, including those whose names are presently

unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for damages, together with interest, attorneys fees and costs of suit.

EIGHTH COUNT

1. Plaintiff, Josephine Scheid, hereby incorporates by reference the Seventh Count of this Complaint as fully as though the same were set forth herein at length.

2. The aforesaid conduct of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, was violative of the constitutional and civil rights of the plaintiff, Josephine Scheid.

WHEREFORE, plaintiff, Josephine Scheid, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for damages, together with interest, attorneys fees and costs of suit.

NINTH COUNT

1. Plaintiff, Josephine Scheid, hereby incorporates by reference the Seventh and Eighth Counts of this Complaint as fully as though the same were set forth herein at length.

2. The aforesaid acts of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, were willful, wanton, blatant and/or otherwise evidence disregard for the health, safety, well-being, rights and/or otherwise of

the plaintiff, Josephine Scheid, warranting punitive damages.

WHEREFORE, plaintiff, Josephine Scheid, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for punitive damages, together with interest, attorneys fees and costs of suit.

TENTH COUNT

1. Plaintiff, Sandra Tarin, hereby incorporates by reference paragraphs 1 - 11, inclusive, of the Facts set forth hereinabove, as fully as though the same were set forth herein at length.

2. The defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, were, directly and/or vicariously, by and through their agents, servants, employees and/or departments, careless, reckless and negligent in that they failed to properly provide for basic dignity to plaintiff, subjected plaintiff to risk of assault, deprived plaintiff of the opportunity for early release available to male inmates, engaged in activities in which they were not entitled or authorized, subjected plaintiff to cruel and unusual punishment, failed to properly supervise and/or report their co-defendant co-employees, and were otherwise careless, reckless and negligent and/or acting with willful indifference and/or disregard.

3. As a result of the aforesaid conduct of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility

and/or Cape May County, the plaintiff, Sandra Tarin, sustained personal injuries of both a temporary and permanent nature, did suffer, is suffering, and may in the future suffer great upset and nervous shock, has incurred, is incurring and/or may in the future be caused to incur great expense for hospital and/or medical treatment in an effort to rectify said injuries and has been and will be prevented from pursuing her usual activities and occupation and has been otherwise injured and suffered damages.

WHEREFORE, plaintiff, Sandra Tarin, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for damages, together with interest, attorneys fees and costs of suit.

ELEVENTH COUNT

1. Plaintiff, Sandra Tarin, hereby incorporates by reference the Tenth Count of this Complaint as fully as though the same were set forth herein at length.

2. The aforesaid conduct of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, was violative of the constitutional and civil rights of the plaintiff, Sandra Tarin.

WHEREFORE, plaintiff, Sandra Tarin, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for damages, together

with interest, attorneys fees and costs of suit.

TWELFTH COUNT

1. Plaintiff, Sandra Tarin, hereby incorporates by reference the Tenth and Eleventh Counts of this Complaint as fully as though the same were set forth herein at length.

2. The aforesaid acts of the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, were willful, wanton, blatant and/or otherwise evidence disregard for the health, safety, well-being, rights and/or otherwise of the plaintiff, Sandra Tarin, warranting punitive damages.

WHEREFORE, plaintiff, Sandra Tarin, demands judgment against the defendants, including those whose names are presently unknown, along with Robert Nolan and/or the Warden of the Cape May County Correctional Facility and/or Cape May County, on this Count for punitive damages, together with interest, attorneys fees and costs of suit.

Dated: September 14, 2022

THERESA C. GRABOWSKI, ESQUIRE
Attorney for plaintiffs

BY: [signature]
THERESA C. GRABOWSKI

PLEASE TAKE NOTICE that plaintiffs hereby demand a trial by jury and that, pursuant to Rule 4:25-4, Theresa C. Grabowski is hereby designated as trial counsel.

Dated: September 14, 2022

THERESA C. GRABOWSKI, ESQUIRE
Attorney for plaintiffs

BY: [signature]
THERESA C. GRABOWSKI

Pursuant to Rule 4:5-1, I hereby certify that, to the best of my knowledge and belief, there are no other parties who should or presently can be joined in this action. I further certify that no other proceedings are pending or contemplated with regard to the within action. The aspects of Josephine Scheid's presently pending matter under 1:22-cv-58 were previously dismissed.

The undersigned further certifies that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future, in accord with Rule 1:38-7(b).

Dated: September 14, 2022

THERESA C. GRABOWSKI, ESQUIRE
Attorney for plaintiffs

BY: [signature]
THERESA C. GRABOWSKI

EXHIBIT "A" 9/14/22 First Amended Complaint

**PREPARED BY THE COURT**

| | |
|---|---|
| **DANA GILROY, SUSAN KUSEK, JOSEPHINE SCHEID and SANDRA TARIN,** Plaintiffs, v. **ROBERT NOLAN, WARDEN OF THE CAPE MAY COUNTY CORRECTIONAL FACILITY, CAPE MAY COUNTY, et al.,** Defendants. | SUPERIOR COURT OF NEW JERSEY CIVIL DIVISION - LAW CAPE MAY COUNTY<br><br>CPM-L-153-22<br><br>Civil Action<br><br>**ORDER** |

**THIS MATTER** having been brought before the court on Defendants' Motion to Dismiss Complaint for Failure to State Claim, which was filed on July 18, 2022, and Plaintiffs' having filed a Cross Motion to Produce Records, which was filed on August 18, 2022, and the court having heard oral argument on August 26, 2022, via Zoom, at which time Theresa Grabowski, Esq. appeared for Plaintiff, and Matthew Behr, Esq. appeared for Defendant, and for reasons stated on the record,

**IT IS ON THIS <u>31st</u> DAY OF <u>AUGUST, 2022</u> ORDERED** that:

1. Defendant's Motion to Dismiss is Granted in Part and Denied in Part:
   a. Plaintiff's allegations of negligence are dismissed for failure to comply with the Tort Claims Act; and
   b. Plaintiff's allegations of Constitutional Violations are dismissed for failure to be adequately plead; and
   c. Plaintiff is granted leave to file an Amended Complaint to identify the Constitutional Violations; and
2. Plaintiff's Cross-Motion to compel Defendants to provide the full legal names and the last known addresses of certain defendants is Granted. On or before Friday, September 2,

EXHIBIT "A" 9/14/22 First Amended Complaint

2022, Defendants shall provide through counsel the full legal names and last known addresses of their employees, D. Asencio-Perez and A. Nielsen; and

3. This Order or Judgment shall be deemed automatically served upon all counsel of record simultaneously with its online posting in eCourts; otherwise, all other parties shall be served by the party obtaining this Order or Judgment within seven (7) days of its entry. See Rule 1:5-1(a).

James H. Pickering Jr., J.S.C.

EXHIBIT "B" 9/14/22 First Amended Complaint

OFFICE OF THE SHERIFF
Cape May County, N.J.

E. ADJUDICATION OF DISCIPLINARY CHARGE - CORRECTIONAL CENTER'S COPY (blue)
F. ADJUDICATION OF DISCIPLINARY CHARGE - INMATE'S COPY (white)
H. ADJUDICATION OF DISCIPLINARY CHARGE - ADJUDICATOR'S COPY (pink)

PLEASE TYPE ONLY

| | | | |
|---|---|---|---|
| 1. **Name of Inmate** (Last, First): SCHEID, Josephine | | | **REPORT #:** 20-306<br>**Number:** 49877 |
| 2. **First Hearing Date:** May 16, 2020 | **Reason for Postponement:** Postponed pending the outcome of further needed investigation. | | |
| **Second Hearing Date:** May 21, 2020 | **Reason for Postponement:** No postponement. | | |
| **Third Hearing Date:** | **Reason for Postponement:** | | |
| 3. **Prohibited Act No:** S.256 | **Description.** Refusing to obey an order of any staff member. | | |
| 4. **Name of Employee Reporting Charge:** Sergeant A. Nielsen #142 | | | |
| 5. **Date of Incident:** May 9, 2020 | **Place:** HU4-A-3 | | **Time:** 1115 hours |
| 6. **Date notice of disciplinary charge delivered:** May 9, 2020 | | | **Time:** 1700 hours |

| | | | | | |
|---|---|---|---|---|---|
| 7. **Hearing** | | **Within seven (7) days** | | **Within 72 hours of placement in Prehearing Detention** | |
| **Explanation if not within these time frames:** As noted above. | | | | | |
| 8. **If Inmate waives 24 hours notice, obtain Inmate's signature:** | | | | | |
| 9. **Inmate pleads** | | **Guilty** | X | **Not guilty** | | **No plea** |
| 10. **Inmate advised of use immunity for criminal proceedings by Disciplinary Hearing Officer** | | | | X | **Yes** |
| 11. **Counsel substitute** | | **Requested** | X | **Not Requested** | |
| **If counsel substitute requested** | | **Granted - Counsel's name:** | | | |
| | | **Denied - Reason why:** | | | |

12. **Correctional facility's non-confidential evidence**

(a). **Statements and reports:** IR #20-306 written and signed by Sergeant A. Nielsen.
Special Report regarding IR #20-306 written and signed by Sergeant A. Nielsen.
Handwritten statement from Inmate Josephine SCHEID.

(b). **Documents and physical evidence:** None

EXHIBIT "B"
9/14/22 First
Amended Complaint




New Jersey Judiciary
Civil Practice Division

# Civil Case Information Statement (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed, or attorney's signature is not affixed.

**For Use by Clerk's Office Only**

| Payment type ☐ check ☐ charge ☐ cash | Charge/Check Number | Amount $ | Overpayment $ | Batch Number |
|---|---|---|---|---|

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Theresa C. Grabowski, Esquire | (856) 547-7776 ext. | Cape May |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| Theresa C. Grabowski, Esquire | CPM-L-153-22 |

| Office Address - Street | City | State | Zip |
|---|---|---|---|
| 1 Eves Drive, Suite 111 | Marlton | NJ | 08053 |

| Document Type | Jury Demand |
|---|---|
| First Amended Complaint | ■ Yes ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption: |
|---|---|
| Dana Gilroy, et als Plaintiffs | Dana Gilroy/Susan Kusek/Josephine Scheid/ Sandra Tarin v. Robert Nolan, Cape May County |

Case Type Number (See page 3 for listing) 005, 699

Are sexual abuse claims alleged? *depends on definition - TIS were detainees forced to strip naked in front of others, including male corrections officers.* ☐ Yes *see notes* ☐ No

Does this case involve claims related to COVID-19? ☐ Yes ■ No

Is this a professional malpractice case? ☐ Yes ■ No

If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit.

Related Cases Pending? ☐ Yes ■ No

If "Yes," list docket numbers

Do you anticipate adding any parties (arising out of same transaction or occurrence)? ■ Yes ☐ No

Name of defendant's primary insurance company (if known) ☐ None ■ Unknown

**The Information Provided on This Form Cannot be Introduced into Evidence.**

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

Do parties have a current, past or recurrent relationship? ■ Yes ☐ No

If "Yes," is that relationship:

☐ Employer/Employee ☐ Friend/Neighbor ☐ Familial ☐ Business

■ Other (explain) prison detainees

Does the statute governing this case provide for payment of fees by the losing party? Δs may have responsibility depends on which c/a Πs are successful ☐ Yes see notes ☐ No

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition.

♿ Do you or your client need any disability accommodations? ■ Yes ☐ No

If yes, please identify the requested accommodation:

hearing assist, frequent breaks, & other

Will an interpreter be needed? ☐ Yes ■ No

If yes, for what language?

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).**

Attorney/Self-Represented Litigant Signature: [signature] 9/14/22

# Civil Case Information Statement (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES**

(Choose one and enter number of case type in appropriate space on page 1.)

## Track I - 150 days discovery

| | |
|---|---|
| 151 | Name Change |
| 175 | Forfeiture |
| 302 | Tenancy |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | Book Account (debt collection matters only) |
| 505 | Other Insurance Claim (including declaratory judgment actions) |
| 506 | PIP Coverage |
| 510 | UM or UIM Claim (coverage issues only) |
| 511 | Action on Negotiable Instrument |
| 512 | Lemon Law |
| 801 | Summary Action |
| 802 | Open Public Records Act (summary action) |
| 999 | Other (briefly describe nature of action) |

## Track II - 300 days discovery

| | |
|---|---|
| 305 | Construction |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) |
| 599 | Contract/Commercial Transaction |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) |
| 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 605 | Personal Injury |
| 610 | Auto Negligence – Property Damage |
| 621 | UM or UIM Claim (includes bodily injury) |
| 699 | Tort – Other |

## Track III - 450 days discovery

| | |
|---|---|
| 005 | Civil Rights |
| 301 | Condemnation |
| 602 | Assault and Battery |
| 604 | Medical Malpractice |
| 606 | Product Liability |
| 607 | Professional Malpractice |
| 608 | Toxic Tort |
| 609 | Defamation |
| 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 617 | Inverse Condemnation |
| 618 | Law Against Discrimination (LAD) Cases |

## Track IV - Active Case Management by Individual Judge / 450 days discovery

156 Environmental/Environmental Coverage Litigation
303 Mt. Laurel
508 Complex Commercial
513 Complex Construction
514 Insurance Fraud
620 False Claims Act
701 Actions in Lieu of Prerogative Writs

## Multicounty Litigation (Track IV)

271 Accutane/Isotretinoin
281 Bristol-Myers Squibb Environmental
282 Fosamax
285 Stryker Trident Hip Implants
291 Pelvic Mesh/Gynecare
292 Pelvic Mesh/Bard
293 DePuy ASR Hip Implant Litigation
296 Stryker Rejuvenate/ABG II Modular Hip Stem Components
299 Olmesartan Medoxomil Medications/Benicar
300 Talc-Based Body Powders
601 Asbestos
624 Stryker LFIT CoCr V40 Femoral Heads
625 Firefighter Hearing Loss Litigation
626 Abilify
627 Physiomesh Flexible Composite Mesh
628 Taxotere/Docetaxel
629 Zostavax
630 Proceed Mesh/Patch
631 Proton-Pump Inhibitors
632 HealthPlus Surgery Center
633 Prolene Hernia System Mesh
634 Allergan Biocell Textured Breast Implants
635 Tasigna
636 Strattice Hernia Mesh
637 Singulair
638 Elmiron

If you believe this case requires a track other than that provided above, please indicate the reason on page 1, in the space under "Case Characteristics".

**Please check off each applicable category**
☐ **Putative Class Action** ☐ **Title 59** ☐ **Consumer Fraud**